CHARLES AND RUSSELL SPARENBERG V. HAL L. LATTIMORE ET AL.

No. 7668. Decided April 24, 1940.
(139 S. W., 2d Series, 77.)

*M. Hendrix Brown, Cantey, Hanger, McMahon, McKnight & Johnson,* all of Fort Worth, for relators.

The judgment of the trial court having been affirmed by the Supreme Court it has become the judgment of said Court and any interference with the enforcement of such judgment and any obstruction of its execution constitutes an unlawful interference with the jurisdiction of the Supreme Court and entitled relators to such prohibitory writs as may be necessary to prevent any interference with the enforcement of such judgment. Houston Oil Co. v. Village Mills, 123 Texas 253, 71 S. W. (2d) 1087; Texas Natl. Bank v. Zellers, 75 S. W. (2d) 890; Nash v. Hanover Fire Ins. Co., 79 S. W. (2d) 182.

Mr. and Mrs. *P. J. Schelb,* in pro per. for respondents.

MR. JUSTICE CRITZ delivered the opinion of the Court.

This is an original proceeding instituted directly in the Supreme Court by Charles and Russell Sparenberg against Elizabeth Schelb and her husband, P. J. Schelb. The Judge of

the 17th District Court of Tarrant County, Texas, the county judge of such county, and the attorney for the Schelbs are also made parties. The relief sought by this action is writs of prohibition and injunction. Such relief is sought on the ground that it is necessary to protect and enforce the final judgment rendered by this Court in Cause No. 7372, Schelb et al. v. Sparenberg et al., 133 Texas 17, 124 S. W. (2d) 322.

■ Under the Constitution this Court has jurisdiction to issue writs of prohibition and injunction, and other writs which may be necessary to enforce its jurisdiction. It therefore has power to issue such writs to enforce its judgments. Sec. 3, Art. V, Texas Constitution; Rio Bravo Oil Co. v. Hebert, 130 Texas 1, 106 S. W. (2d) 242; Leo Crouch et al. v. Panama Refining Co. et al, No. 7650, 134 Texas 633, 138 S. W. (2d) 94; Yount-Lee Oil Co. et al. v. Federal Crude Oil Co. et al. (Civ. App.), 92 S. W. (2d) 493.

It appears that in November, 1933, Mrs. Elizabeth Schelb made application to the County Court of Tarrant County, Texas, to probate the alleged last will and testament of Mrs. Johanna Sparenberg, her deceased mother. Charles and Russell Sparenberg, grandsons of the deceased, filed contest, but later withdrew the same, and the will was duly probated. Mrs. Schelb was named independent executrix of such will, and after its probate, duly qualified as such.

After Mrs. Sparenberg's will was probated, and after Mrs. Schelb had qualified as independent executrix and was proceeding to act as such, Charles and Russell Sparenberg instituted an action in the County Court of Tarrant County to annul the probate of such will. This action was finally tried in the county court, and judgment rendered denying the relief sought. Charles and Russell Sparenberg appealed from such judgment to the District Court of Tarrant County.

In addition to the action filed in the county court to annul the probate of Mrs. Sparenberg's will, Charles and Russell Sparenberg filed a civil suit in the District Court of Tarrant County, Texas, against Elizabeth Schelb individually and as independent executrix of the will and estate of Johanna Sparenberg, deceased. P. J. Schelb, husband of Elizabeth Schelb, was also made a party defendant in this suit. By their suit in the district court the Sparenbergs sought to recover their interest in the Johanna Sparenberg estate. They also sought a full accounting by Mrs. Schelb for all moneys and properties belonging to the Johanna Sparenberg estate, which had come into her possession either individually or as executrix.

After the suit in the district court was filed, the Schelbs filed an answer attacking the jurisdiction of the court to hear and determine the matters presented for adjudication by the petition of the Sparenbergs. While this suit was pending undetermined, the district court entered an order enjoining the Schelbs from disposing of any of the properties of the Johanna Sparenberg estate, and also enjoining the Schelbs from creating any debts against such estate.

The Schelbs appealed from the above-mentioned order, which was a temporary injunction, to the Court of Civil Appeals at Fort Worth. As we understand this record, the Schelbs contended in such appeal that the temporary injunction was erroneous and void because the district court was without jurisdiction to hear and determine the matter presented for adjudication by the petition of the Sparenbergs. On final hearing in the Court of Civil Appeals of the appeal from the temporary injunction, supra, the judgment of the district court was affirmed, on the ground that the district court had jurisdiction in the premises. Schelb v. Sparenberg, 89 S. W. (2d) 1062. No writ of error was prosecuted to the Supreme Court from this judgment and opinion of the Court of Civil Appeals, and it became final.

From the statement we have made it appears that two causes were pending in the District Court of Tarrant County, Texas. One of these causes was the appeal from the judgment of the county court refusing to annul the probate of the Johanna Sparenberg will. The other was a civil suit filed directly in the district court, above described.

With conditions as above described, the Schelbs and the Sparenbergs duly agreed to consolidate the two suits, and try them together. In conformity with such agreement, the district court proceeded to consolidate the two causes, and to try them together as one cause. All parties filed pleadings, and joined issues.

Final trial in the district court of the consolidated suits resulted in a judgment for the Sparenbergs against the Schelbs, annulling the probate of the Johanna Sparenberg will, and holding same not entitled to probate. After annulling the probate of the Johanna Sparenberg will, the judgment of the district court in the consolidated causes adjudicated and adjusted all claims and equities between the Sparenbergs and the Schelbs, regarding the Johanna Sparenberg estate and its properties, and fully adjudicated and adjusted their interests in such estate. Simply stated, the judgment adjudicated and adjusted all equities and claims between the parties, and adjudicated and

adjusted all matters growing out of Mrs. Schelb's administration as independent executrix.

The Schelbs duly appealed from the above judgment to the Court of Civil Appeals at Fort Worth. On final hearing in that court the judgment of the district court was in all things affirmed. 111 S. W. (2d) 324. The Schelbs applied to this Court for writ of error, and same was granted. On final hearing in this Court the judgments of the two lower courts were both affirmed. 133 Texas 17, 124 S. W. (2d) 322. The judgment of this Court has become final, and mandate duly issued.

After the happening of the above events the Schelbs, through their attorney, here named, filed a pleading in the District Court of Tarrant County, styled "MOTION TO SET ASIDE JUDG-MENT." As we interpret such pleading, it is in no sense a bill of review. It is simply an effort to file a proceedng in the dis‐trict court to set aside the original judgment of that court, after such judgment had been affirmed by the Court of Civil Appeals and by this Court. Also, such pleading seeks to again litigate many of the issues theretofore determined and litigated in the original final judgment of such court, already fully described by us. Such pleading, in effect, further seeks to have the district court adjudge itself without jurisdiction to try some of the issues it determined in the original final judgment, and to adjudge that the probate court of Tarrant County has exclusive original jurisdiction to try such issues. The petition also seeks to have the district court transfer a part of the cause to the county court to try the issues it is, in effect, contended by the Schelbs the district court was without jurisdiction to try. All of these issues proposed to be re-tried in the two courts have already been litigated and decided in the original judgment affirmed by this Court.

■ It appears that the Schelbs have also filed in the probate court of Tarrant County an original application for administration upon the estate of Mrs. Johanna Sparenberg, deceased. This application was filed more than six years after Mrs. Sparenberg's death. It was therefore filed too late. We understand the purpose of the attempted administration proceeding is to have the probate court again pass upon many of the matters disposed of by the district court in the judgment affirmed by this Court.

■ After the mandate issued by this Court in the original cause had been returned to the district court, the Sparenbergs filed application in that court for the disbursement and distribution of the funds and assets in the hands of the receiver

theretofore appointed by the district court. This application also applied for orders of sale and other process necessary and proper to effectuate and carry out the original judgment. The trial court entered the order prayed for, except he ordered the receiver to retain in his hands $1100.00, pending decision with reference to whether the sum should be paid over to the attorney for the Schelbs. The district court also entered a judgment dismissing the motion or proceeding filed by the Schelbs entitled "MOTION TO SET ASIDE JUDGMENT," above described. The Schelbs excepted to such judgment, and gave notice of appeal.

With the record as above indicated, this Court granted the motion of the Sparenbergs to file original petition for writs of prohibition and injunction.

Since the above motion was granted, and since this petition was filed, it has been made known to this Court that the Schelbs made an attempt to appeal the order of the district court dismissing the "MOTION TO SET ASIDE JUDGMENT." Such attempted appeal has been dismissed by the Court of Civil Appeals.

From the statement we have made it is evident that the subsequent proceedings attempted above, both in the district court and in the probate court, are efforts to interfere with and nullify the judgment of this Court. It is also evident that such proceedings seek to again litigate the matters already litigated and decided in the judgment of this Court. Finally, it is evident that such proceedings are in no sense bills of review. It follows that the relators are entitled to the relief sought herein. Rio Bravo Oil Co. v. Hebert, supra; Leo Crouch et al. v. Panama Refining Co. et al., No. 7650, supra; Yount-Lee Oil Co. et al. v. Federal Crude Oil Co. et al., supra.

■ It appears that since the filing of this proceeding the attorney for the Sparenbergs has withdrawn from this case, and has withdrawn as the attorney for such parties in the district and county courts, and has disclaimed any further interest in any of such causes. It is therefore evident that no necessity now exists for this Court to grant any relief against such attorney.

It also appears that the proceedings filed in the district court, above described, and complained of in this cause, have been very properly finally dismissed by that court. It is therefore evident that no necessity now exists for this Court to grant relators any relief in this action against the district judge.

It is therefore ordered:·

1. That the County Judge of Tarrant County, Texas, be enjoined from proceeding any further with the above-described

proceedings filed in the Probate Court of Tarrant County, Texas, except to dismiss the same.

2. That no relief shall be granted the relators against the attorney for the Schelbs, or the district judge, because under the present state of this record no relief is now necessary.

3. That writs of prohibition and injunction shall issue against Elizabeth Schelb and P. J. Schelb, as prayed for by the relators.

4. That Elizabeth Schelb and P. J. Schelb shall pay all costs of this proceeding.

Opinion delivered April 24, 1940.