HUMBLE OIL REFINING COMPANY V.
THOMAS HART FISHER ET AL.

No. A-3680. Decided November 26, 1952.
Rehearing overruled January 21, 1953.
(253 S. W. 2d Series 656)

30

*S. L. Gill, Roger F. Robinson, Jesse G. Foster* and *S. P. Nielson,* all of Raymondville, *Robert Lee Bobbitt, Jr.,* of San Antonio, *Jones, Hardie, Grambling & Howell,* all of El Paso, *R. E. Seagler* and *Felix A. Raymer,* both of Houston, for relator.

*Edwin K. Atwood* and *Alice B. Atwood,* in pro per, *Bascom Cox, Fred B. Wagner, John Q. Adams, E. Wayne Wilson,* and *Thomas Hart Fisher,* all of Brownsville, for Respondents.

JUSTICE SMEDLEY delivered the opinion of the Court.

Relator, Humble Oil & Refining Company, which was petitioner in Cause No. A-3126 decided by this Court on October 31, 1951, 150 Texas 617, seeks to have a writ of prohibition issued against respondents, Edwin K. Atwood and Alice B. Atwood, who were the respondents in that cause, and against Thomas Hart Fisher and others, who were their attorneys, to prohibit respondents from attempting by pleading filed or otherwise to cause to be tried in the District Court of Willacy County or in any other Texas court issues which were decided and concluded by this Court's judgment. The two judges of the district courts of Willacy County are also named as respondents herein, but for brevity the respondents other than the two judges are referred to as respondents.

The substance of the allegations of relator's petition is: that since the rendition of this Court's final judgment respondents have filed in Cause No. 1539 in the 103rd District Court of Willacy County, which rendered the final judgment later affirmed by this Court's judgment in Cause No. A-3126, a written demand for a jury "for the trial of all issues of fact, and of each and every issue of fact, raised by the pleadings in said cause"; that respondents have also filed in said cause in the district court 159 written interrogatories to be answered by several of the officers of relator, the Humble Oil & Refining Company; and that they have also filed in said cause in district court a request for the admission of facts and genuineness of documents set out and designated in 102 numbered paragraphs. It is further alleged in the petition that the written demand for jury trial, the interrogatories and the request for admissions

disclose an intention on the part of respondents to ignore this Court's judgment and to demand a trial of issues foreclosed by the judgment, and that the interrogatories filed and the admissions sought deal only with issues foreclosed by the judgment and are relevant to them and are neither relevant nor pertinent to the issue of accounting, the sole issue which the trial court under this Court's judgment is authorized to try and determine.

Respondents have filed a full answer supported by brief. They admit the filing of the written demand for jury, the interrogatories and the request for admissions, and admit further that many of the interrogatories and requests for admissions are relevant to other issues than that of accounting. The position taken by respondents in their answer and brief is, stated generally: that only the issues of res judicata and estoppel have been tried in the district court, and that respondents have the right to a trial in district court upon the merits of all of the issues pleaded in their First Amended Original Petition filed in Cause No. 1539; that this Court did not determine and had no jurisdiction to determine in Cause No. A-3126 the merits of any of the issues properly pleaded in respondents' petition other than the separately tried issues of res judicata and estoppel; and that had this Court undertaken to determine any of those other issues it would have deprived the respondents of their constitutional rights to their "day in court" and to a jury trial.

All of respondents' First Amended Original Petition filed in Cause No. 1539, except several comparatively brief paragraphs alleged as alternative pleadings attacking the oil and gas leases involved herein as invalid and subject to cancellation or reformation on several grounds, is devoted to allegations attempting to show that the two oil and gas leases were executed as security for repayment of a loan made by relator, and that respondents Edwin K. Atwood and Alice B. Atwood are entitled to a right of redemption, the debt having been paid, and to judgment removing the oil and gas leases as clouds on their title.

In Cause No. 1539 in the district court of Willacy County relator Humble Oil & Refining Company and other defendants pleaded in bar as res judicata of all of the issues raised in the First Amended Original Petition judgments which had theretofore been rendered in three suits brought by respondents Edwin K. Atwood and Alice B. Atwood in the United States District Court. The district court of Willacy County entered an

order that the issues of res judicata and estoppel be tried first and separately from the trial on the merits, proceeded to hear evidence on those issues, and rendered final judgment sustaining the defendants' plea of res judicata, and ordered and adjudged that Edwin K. Atwood and Alice B. Atwood, respondents herein, "are not entitled to any of the relief sought by them in this suit, and that such relief be and the same is hereby denied."

On appeal to the Court of Civil Appeals that Court held that the judgments of the United States District Court were not conclusive of the question as to mortgage and the right to redeem, reversed the trial court's judgment, and remanded the cause for trial on the merits. 239 S. W. 2d 412.

After the granting by this Court of writ of error and the submission of the cause as Cause No. A-3126, final judgment was rendered therein on October 31, 1951, described thus in this Court's opinion:

"Accordingly, the judgment of the Court of Civil Appeals is reversed and the judgment of the trial court that plaintiffs take nothing is affirmed without prejudice to plaintiffs' right to an accounting for any money which may be due them as royalty owners under the oil and gas lease. Since plaintiffs prayed for an accounting and that portion of the case was severed before appeal, the trial court may proceed with that portion of the case, but only for the purpose of an accounting." Humble Oil & Refining Company v. Atwood, 150 Texas 617, 244 S. W. 2d 637, 645.

The judgment rendered and entered on the minutes was in these terms:

"It is therefore ORDERED, ADJUDGED AND DECREED that the judgment of the Court of Civil Appeals be reversed, and the judgment of the District Court decreeing that plaintiffs (respondents here) take nothing by their suit be in all things affirmed; without prejudice, however, to the said plaintiffs' right to an accounting for any money which may be due them as royalty owners under the oil and gas lease.

"It is further ordered that since plaintiffs below prayed for an accounting and that portion of the case was severed before appeal, the trial court may proceed with that portion of the case, but only for the purpose of an accounting."

Except for what is said in this Court's opinion with reference to the issue as to mortgage and the right to redeem, and excepting the issue of accounting for royalty, the meaning and effect of the judgment and opinion in Cause No. A-3126 are that the Court approved the trial court's judgment that the plea of res judicata interposed by relator Humble Oil & Refining Company, and which was directed to all issues raised by the plaintiffs' First Amended Petition, should be sustained, and that this Court affirmed the judgment of the trial court, which was that, in view of the sustaining of the plea of res judicata, the plaintiffs were not entitled to any of the relief sought by them in the suit, and that all of the relief sought should be denied.

■ Such a judgment denying to a plaintiff the relief sought by his petition because the issues have been concluded against him by final judgments theretofore rendered is not the denial of a "day in court", nor does it deprive the plaintiff of the right to trial by jury, nor can it correctly be said, as respondents argue, that the issues raised by the petition have never been determined in trial court. The adjudication by the trial court is that they have once before been tried and finally determined.

A great part of the argument in respondents' brief rests upon an erroneous construction of this Court's opinion in Cause No. A-3126. It is several times asserted in the brief that nowhere did the Court pass upon the question or questions of res-judicata. This assumption on the part of respondents seems to be predicated in part at least on these statements in the opinion: "Having determined that plaintiffs plead no cause of action, it is unnecessary for us to determine whether it was, or either could or should have been adjudicated in the Federal litigation. Plaintiffs' petition is full and we do not believe that plaintiffs can add to it." Most of the opinion (and the same is true of the opinion of the Court of Civil Appeals and of the briefs of the parties in that Court and in this Court) was devoted to a discussion of the cause of action for redemption attempted to be alleged by respondents. And this Court, after discussing at length the question or questions raised by those allegations, fully made in the petition and constituting most of the petition, expressed the conclusion above quoted that those allegations did not state a cause of action, and that it was not necessary to determine whether the cause of action, that is the cause of action for re-

demption, was or could have been adjudicated in the Federal litigation.

■ Near the beginning of the opinion the purposes of respondents', the Atwoods', suit and the relief sought are thus stated:

"(1) an adjudication that the oil and gas lease on that portion of the ranch partitioned to them is a mortgage, and for redemption; (2) cancellation of the oil and gas lease 'because extending 18½ years and longer beyond the end of a limited ten-year trust form;' (3) reformation; (4) an accounting; (5) damages; (6) and general relief."

After brief reference to what was held by the Court of Civil Appeals, the opinion contains the following paragraph:

"Items (2) and (3) above were determined against plaintiffs in Atwood v. Kleberg, 133 F. 2d 69, and we do not pass upon them other than to hold that they were there decided. Since we have determined that no cause of action is asserted in Item (1), plaintiffs are not entitled to either damages or general relief under Items (5) and (6)."

This is a brief but pointed ruling approving and affirming the decision of the district court that the alternative allegations for cancellation and reformation in the First Amended Original Petition of respondents, the Atwoods, who were the plaintiffs in the trial court, were finally adjudged against the plaintiffs by the United States District Court. The paragraph last quoted also shows this Court's disposition of the plaintiffs' claims for damages and general relief as falling with the failure of the plaintiffs to allege a cause of action for redemption.

The statement of the grounds of recovery alleged by respondents, the Atwoods, in their petition in Cause No. 1539 as set out in this Court's opinion and above quoted, in substantially the same as the statement made of the purposes and grounds of the suit in the very beginning of the First Amended Original Petition in that cause. In the answer and brief in this cause, however, respondents emphasize usury as a ground alleged by them for avoidance of the leases, and insist that the issue of usury has never been determined either in the trial court or in this Court. The petition in the trial court, however, contains no distinct or particular allegations of usury as a ground for avoiding the leases. The twenty-third paragraph of the petition contains the following:

"* * * then and in that event, and only in that event, plaintiffs allege and say that said entire transaction was void for usury and that said two oil, gas and mineral leases dated September 26, 1933 constituted a breach of the trust under Mrs. King's will and were invalid and beyond the powers of Mrs. King's Trustees for lack of adequate consideration paid or to be paid by Humble to Mrs. King's Trustees or to their successors in interest, including plaintiffs, and should therefore be cancelled, set aside and held for naught; and if not cancelled and decreed to be null and void for lack of adequate consideration, said leases should be reformed as hereinafter alleged and prayed."

These allegations are followed in the same paragraph by averments that the lessors did not receive for the leases the bonus that would have represented their fair market value, that the leases did not provide for adequate rentals, and that the plaintiffs are therefore entitled to a cancellation or reformation of the leases and to an accounting and money damages suffered by reason of the inadequacy of the consideration, and that the defendant, Humble Oil & Refining Company, should be ordered to pay to the plaintiffs an adequate consideration and additional rentals, and that the leases should be reformed in other respects. Thus it is apparent that the averment of usury avoiding the leases is a conclusion in most general terms, with no allegations of facts supporting the conclusion that the transaction was void for usury, and further that the conclusion about usury is a part of a general attack on the leases to cancel them or to reform them by reason of inadequacy of consideration or unreasonable terms, all of the allegations of fact in this paragraph relating to the consideration and the terms of the leases of which complaint is made.

If, however, the conclusion that "the entire transaction was void for usury" can be considered as alleging a separate issue or ground for avoiding the leases, and should have been so treated by the opinion in Cause No. A-3126, the issue was adjudged adversely to respondents, the Atwoods, in Cause No. 101 in Equity in the United States District Court, and that it was so adjudged is the meaning of this Court's judgment in Cause No. A-3126, even though usury as a separate issue or ground for recovery was not referred to in the opinion. This Court's judgment, except for the issue of redemption and the question of accounting for royalty, affirmed the trial court's judgment that the plaintiffs "are not entitled to any of the re-

lief sought by them in this suit, and that such relief be and the same is hereby denied." We believe it clearly appears from the opinion and judgment of this Court and from the entire record that the affirmance by this Court of the trial court's judgment was, with the two exceptions mentioned above, a final decision that all of the issues raised by the petition had been adjudged against petitioners, the Atwoods, by the Federal court judgments.

It may be added, referring again to respondents' contention that the question of invalidity of the leases for usury has never been tried, that in their pleadings in Cause No. 101 in Equity in the United States District Court respondents, the Atwoods, alleged that the effect of the transactions beween the King Estate and the Humble Oil & Refining Company was to purport to grant the exclusive rights set forth in the oil and gas leases "without any consideration whatever, the excessive interest rate charged upon said loans completely nullifying all consideration for said leases."

As has been said, this Court's opinion in Cause No. A-3126 does not pass upon the question whether the alleged cause of action for redemption has been adjudicated in the Federal litigation. The opinion is expressed that it is unnecessary to do so because the plaintiffs have not pleaded and can not plead a cause of action for recovery on that ground.

The plaintiffs' petition in Cause No. 1539 in the district court covers many pages and is amplified by Exhibits A to Z, so that the whole of it makes a volume of 431 printed pages. It sets out fully the history of the relations and transactions between the King Estate and the Humble Oil & Refining Company, and the other parties, with all of the documents, including the notes, the deed of trust and the oil and gas leases, evidencing the transactions, together with many allegations of fact to support the contention that the leases were security for the debt and that the rights under them terminated when the debt was paid.

This Court's opinion in Cause No. A-3126 expresses at length the reasons for the conclusion that no cause of action is alleged and that none can be alleged. The reasons may be stated briefly thus: All parties concede that the Federal litigation adjudged the leases to be valid grants of the minerals. The respondents, plaintiffs in district court, are barred by the parol evidence rule from establishing what they seek to establish, that is, that the leases, although valid grants, were intended as security for

the debt and were to terminate when the debt was paid, because that would be to insert by parol an additional condition into a determinable fee.

The decision was not that the allegations of the petition are insufficient, but that no cause of action for redemption is alleged or can be alleged. Thus the record, particularly the plaintiffs' petition, affirmatively discloses an insuperable barrier to recovery by the plaintiffs on the right of redemption theory. Nothing would have been accomplished by remanding the cause. Williams v. Safety Casualty Co., 129 Texas 184, 190, 102 S. W. 2d 178; City of Brownsville v. Basse & Hord, 43 Texas 440, 454.

■ Respondents' brief seems to argue that the district court may review and interpret this Court's judgment and even that the validity of the judgment may be tried in district court. That argument cannot be sustained. The Court said in Conley v. Anderson (Tex. Sup.) 164 S. W. 985, 986:

"This court, having upon writ of error reversed the judgment of the district court in the former suit, and having entered final judgment in that case, no district court had jurisdiction to review that judgment, nor to interpret and enforce it, but must observe it as it was framed by this court. The interpretation and enforcement of that judgment belongs exclusively to this court, and no interference with its enforcement will be tolerated."

In No. A-3126 the Court had jurisdiction of the cause and of the questions which it decided. The rendition of the judgment implied the decision by the Court that it had jurisdiction of what was adjudged. And even if it were true, as respondents argue, that error or errors were committed in the decision of the questions or in the judgment, the error or errors would not detract from or lessen the conclusive and binding effect of the judgment. City of Brownsville v. Basse & Hord, 43 Texas 440, 453.

Respondents argue that they are entitled to assert in district court the right to their "day in court" and to a trial by jury, so that those questions may be passed upon as the basis for review by the Supreme Court of the United States. Affirmance of the trial court's judgment sustaining the plea of res judicata as a bar to the plaintiffs' suit did not deprive the defendants of their "day in court" nor of a trial by jury. And the same propositions presented here by respondents that there are issues yet

to be tried in the district court and that respondents have been deprived by the judgment of this Court of the right to their "day in court" and to a jury trial, were urged in the argument filed in Cause No. A-3126 in support of their motion for rehearing, and were decided by the Court adversely to respondents in the overruling of the motion for rehearing.

Respondents' written demand for a jury, filed in Cause No. 1539 in the district court after the rendition of the final judgment of this Court in Cause No. A-3126, is a demand for a jury "for the trial of all issues of fact, and of each and every issue of fact raised by the pleadings in said cause", and shows that respondents are taking procedural steps to try the issues foreclosed against them by this Court's judgment.

We find from examination of the many interrogatories recently filed by respondents in the district court that they are undertaking to take testimony covering all of the transactions, alleged in the plaintiffs' petition in Cause No. 1539 and shown by the exhibits, beginning with the death of Mrs. King and her will, and including transactions between Mrs. King's estate and certain trustees, the making of the oil and gas lease of January 13, 1933, long ago released, the financial condition of the King Estate, the making of the loan by the Humble Oil & Refining Company, the execution of the oil and gas leases which respondents have sought to avoid, with interrogatories inquiring as to the adequacy of the consideration for the leases and the reasonableness of their terms, and interrogatories undertaking to elicit testimony that the leases were intended as security for the loan and inquiry as to other facts which respondents have urged throughout the litigation as tending to prove that the leases are invalid on various grounds and that the rights under them terminated when the debt was paid. None of the interrogatories, except probably four or five of them, are relevant to the one issue that remains to be tried, that is, the issue of accounting for royalty that may be owing and unpaid to respondents, the Atwoods.

■ As we understand the record, there is no controversy about the ownership by the Atwoods, subject to the oil and gas leases, of certain interests in the minerals in the land described in their petition, and the royalty rate is fixed by the leases. This being true, accounting will be accomplished without inquiry into remote transactions and without trial of title. The inquiry will be as to the amount and value of oil or gas that may have been

produced for which respondents, the Atwoods, have not been paid their part. The interrogatories filed, with the exception noted, undertake to obtain testimony to support respondents' claims of invalidity of the leases and their contention that the leases are mortgages and subject to redemption. These issues have been determined adversely to respondents by this Court's judgment.

The request for admissions filed by respondents cover substantially the same ground as the interrogatories, and are filed in an effort to make proof of the same issues.

In the taking of the procedural steps above described respondents are seeking to litigate again matters and issues already litigated and decided by this Court's judgment, and in so doing they are disregarding and interfering with that judgment. And since the record shows that they are insisting on the prosecution of that procedure and the retrial of issues concluded by this Court's judgment, a writ of prohibition will issue to prevent interference with the judgment of this Court or with its enforcement. Hovey v. Shepherd, 105 Texas 237, 147 S. W. 224; Conley v. Anderson (Tex. Sup.) 164 S. W. 985; Continental State Bank v. Floyd, 131 Texas 388, 114 S. W. 2d 530; Spartenberg v. Lattimore, 134 Texas 671, 139 S. W. 2d 77.

■ A writ will not be issued against the respondents, the two district judges, because it is not alleged in relator's petition that they have permitted or that they intend to permit the taking of procedural steps for the trial of issues concluded by this Court's judgment, and we do not assume that they will permit the disregarding of the judgment of this Court or interference with its enforcement.

A writ of prohibition will issue commanding the respondents herein, other than the two district judges, to desist and refrain from undertaking to cause to be tried in the district court of Willacy County, Texas, or any other Texas court, any of the issues that were raised or presented in the plaintiffs' First Amended Original Petition in Cause No. 1539 in the district court of Willacy County, Texas; from filing any petition or interrogatories or requests for admissions or other instruments in the said court or courts in preparation for trial or for the purpose of trying any of said issues; from taking any procedual steps or instituting any proceedings for the trial of any issue in said Cause No. 1539 other than the issue of accounting to respondents, the Atwoods, for royalty that may be due them under the leases involved in that cause; from instituting or

causing to be instituted or prosecuting or causing to be instituted or prosecuted in the district court of Willacy County, Texas, or any other Texas court, any suit or other proceeding for the trial of any of the issues that were raised or presented in the said First Amended Original Petition or for the trial of any of the issues that were concluded by this Court's judgment in Cause No. A-3126; from applying for commission to take, or proceeding further with the taking of, depositions on the interrogatories filed by respondents in Cause No. 1539 in the district court on May 16, 1952, and from presenting or proceeding further with the request for admissions filed in said Cause No. 1539 and served on relator's attorney on May 19, 1952; and from instituting or prosecuting any suit or any proceeding or suing out any process in the district court of Willacy County, or any other Texas court, that will interfere with this Court's judgment in Cause No. A-3126 or with its enforcement.

Associate Justice Garwood not sitting.

Opinion delivered November 26, 1952.

Rehearing overruled January 21, 1953.