**Robert I. TAYLOR, Jr., Appellant,**

v.

**CAMERON COUNTY FRESH WATER SUPPLY DISTRICT NUMBER ONE, Appellee.**

No. 13990.

Court of Civil Appeals of Texas.

San Antonio.

Oct. 17, 1962.

Strickland, Wilkins, Hall & Mills, Mission, for appellant.

Cunningham, Yznaga & Duncan, Brownsville, for appellee.

POPE, Justice.

Plaintiff, Cameron County Fresh Water Supply District Number One, obtained a temporary injunction against Robert I. Taylor, Jr., enjoining him from interfering with Water District's efforts to construct, repair and restore an open canal to usefulness. It plans to furnish fresh water to Port Isabel and other communities, but it has never previously used the canal in question. Taylor appeals and urges that the decree disrupts the status quo.

Taylor owns six hundred acres of farm land in Cameron County which lie north and south on the ground in a rectangular shape. An old open canal, known as the Roloff Open Canal, runs across the tract from west to east, but it does not extend to the west side of the Taylor tract. The west end of the open canal is 340 feet from the west boundary. At one time a pipe extended from the southwest to the west end of the canal. Prior to this dispute, the Taylor tract was enclosed by fences and gates. One of the issues between the parties is whether there is a public road which runs from west to east through the Taylor tract and borders the north side of the canal. The road was not in use by the public. Taylor denies that there is such a road. Water District claims there is. The trial court, by its order, permits the Water District to enter upon the claimed roadway.

The District plans to construct an underground pipe line in the roadway for the necessary 340 feet to connect with the open canal. No pipe line has previously been located at that place. The injunction also forbids Taylor from interfering with the repair of the open canal, which extends 3,844 feet to the east.

Both Water District and Taylor claim ownership of the open canal. Water District claims that Taylor's predecessor in title gave an easement to R. F. Roloff, Trustee, in 1941, and that in July, 1959, he assigned that easement to the Water District. The instruments are in the record. Taylor claims that the easement has terminated. He proved that the canal has fallen into disrepair and has been in a nonusable condition for many years. He claims that Roloff, Trustee, abandoned the easement prior to the assignment to Water District and that he breached the express conditions of the easement by failing to obtain and retain a contract with a water supplier. In 1958, the water supplier cancelled Roloff, Trustee's, contract for water. Taylor claims that he then notified Roloff that the easement was terminated. For many years Taylor had been in undisturbed possession without any controversy, until, in January, 1962, Water District undertook to make repairs upon the canal.

The trial court decided that Water District is the present owner of the easement and denied the claims made by Taylor. The decree enjoins Taylor from interfering with Water District when it enters upon the disputed roadway, or "from interfering with plaintiff's use of the property described in said easement." It is our opinion that these legal and factual disputes would better await the trial upon the merits and that the status quo should be maintained. Southwest Weather Research, Inc. v. Jones, 160 Tex. 104, 327 S.W.2d 417; West Texas Gulf Pipe Line Co. v. Hardin County, 159 Tex. 374, 321 S.W.2d 576. Prior to the dispute which brought on this action, Water District was out of possession and Taylor was in possession. That was changed. Before the dispute, the status of the canal was one of non-user and this had been the situation for more than four years. That was changed. Formerly the easement had extended merely to irrigation and domestic waters. That was changed so that the canal would transport municipal fresh waters. There has never been a pipe line along the claimed roadway, but apparently the decree tolerates the construction of a line which, from the record, would require a thirty inch pipe extending for 340 feet. These are changes in the status quo, which defeat the purposes of a temporary injunction.

The temporary injunction is dissolved.