GULF, COLORADO & SANTA FE RAIL-
WAY COMPANY, Relator,

v.

CITY OF BEAUMONT, Texas, et al.,
Respondents.

George H. BLISS et al., Relators,

v.

GULF, COLORADO & SANTA FE RAIL-
WAY COMPANY et al., Respondents.

Nos. A–9787, A–9788.

Supreme Court of Texas.

Jan. 8, 1964.

No. A–9787:

Chilton O'Brien, Beaumont, McLeod,
Mills, Shirley & Alexander, Galveston,
for relator.

George E. Murphy, City Atty., Alvin
E. Wiggins & Daylee Wiggins, John
Rienstra, Beaumont, for respondents.

No. A–9788:

Alvin E. Wiggins and Daylee Wiggins, Beaumont, for relators

Chilton O'Brien, George E. Murphy, City Atty., Beaumont, for respondents.

STEAKLEY, Justice.

These are original proceedings for mandamus or prohibition. They are ancillary to the case of Gulf, Colorado & Santa Fe Railway Company v. Bliss, 368 S.W. 2d 594, decided by this Court on May 8, 1963. On July 22, 1963, the trial court entered a judgment for the plaintiffs against Santa Fe and the City of Beaumont as joint tortfeasors in accordance with the judgment and mandate of this Court. Thereafter the City filed a Motion for New Trial seeking to set aside the judgment of the trial court and to obtain a new trial.

In the instant Cause No. A–9787, the Relator is Gulf, Colorado & Santa Fe Railway Company, and the Respondents are the City of Beaumont, together with the Judges and Clerk of the District Courts of Jefferson County, Texas. Relator seeks a declaration that the judgment entered by the trial court pursuant to our opinion, judgment and mandate is final and not subject to any form of attack or appeal by the City of Beaumont, and prays for appropriate extraordinary relief.

In the instant Cause No. A–9788 the Relators are George H. Bliss et al., the plaintiffs in the main suit, and the Respondents are Gulf, Colorado & Santa Fe Railway Company, together with the Judges and Clerk as in Cause No. A–9787. These Relators seek to enforce the judgment of the trial court against Santa Fe as a joint tortfeasor.

Reference to our opinion in Bliss will afford an understanding of the background to the problem now before us. In brief, George H. Bliss et al. sued Santa Fe and the City of Beaumont for damages to their residential properties caused by flood waters. Santa Fe filed a cross action against the City by way of indemnity or contribution. After trial to a jury and return of its verdict (in which, as later noted, there were findings adverse to the City), the trial court entered judgment for the plaintiffs against Santa Fe, but denied any recovery against the City of Beaumont either for the plaintiffs or for Santa Fe on its cross action. Its motion for judgment on the verdict having been overruled, Santa Fe appealed without filing motion for new trial. The City of Beaumont, as appellee in the Court of Civil Appeals, urged three counter points to the appeal of Santa Fe, together with seven cross assignments of error. The Court of Civil Appeals affirmed the judgment of the trial court. 363 S.W.2d 343. Santa Fe filed application for writ of error, in reply to which the City urged substantially the same counter points and cross assignments of error theretofore presented to the Court of Civil Appeals. We granted the writ of error and by our opinion dated May 8, 1963 held that the trial court and the Court of Civil Appeals were in error in not entering judgment against Santa Fe and the City as joint tortfeasors entitled to contribution. The City filed motion for rehearing again urging its cross assignments of error which, asserted the City, were "properly brought forward by it in its brief filed in the Court of Civil Appeals and in its reply to Petitioner's application for writ of error, which cross assignments of error, if sustained, would require an affirmance of the judgments of the Court of Civil Appeals and the trial court." The motion for rehearing of the City was overruled, following which the mandate of this Court was issued requiring the entry by the trial court of a judgment in accordance with our judgment. As before noted, the trial court entered judgment pursuant thereto on July 22, 1963. Thereafter, on July 30, 1963, the City filed in the cause an instrument entitled

"Motion of defendant City of Beaumont for new trial," which was amended on August 15, 1963. The prayer of the City is that the motion for new trial be granted "and that the verdict of the jury heretofore returned herein and the judgment of the court thereon, dated July 22, 1963, be set aside and that this defendant be awarded a new trial."

The City resists the extraordinary relief sought by the Santa Fe in the proceeding at bar on two basic grounds: First, that neither the Court of Civil Appeals nor this Court had jurisdiction to dispose of the cross assignments of error urged by the City; and, second, that neither the Court of Civil Appeals nor this Court "ever made any disposition of the City's cross assignments of error, even though this omission on the part of this Honorable Court was clearly and specifically pointed out in the City's motion for rehearing." The jurisdictional argument of the City is that cross assignments of error by an appellee are permissible only when the trial court has rendered a judgment non obstante veredicto or notwithstanding the finding of the jury on one or more special issues; and that neither is the nature of the judgment of the trial court from which Santa Fe took its appeal. The City now says that under the provisions of Rule 324, Texas Rules of Civil Procedure, its cross points and cross assignments of error in the appeal by Santa Fe were not warranted or authorized, and consequently they were never disposed of by the Court of Civil Appeals or by this Court.

As referred to in our opinion in Bliss, the jury found that the City caused to be collected upstream from the railway culvert a larger quantity of water than would have been collected by the natural lay of the land, and that such was negligence; also, that the City knew and Santa Fe did not know, and that the City failed to inform Santa Fe, that the quantity of water which would be collected following an intense and heavy rainfall would exceed the capacity of the railway culvert, and that such failure to so inform was negligence. We said in Bliss that "We agree with the Court of Civil Appeals that Santa Fe and the City were in pari delicto and equally blameworthy in causing the flooding of the plaintiffs' homes." We reversed the judgments of the trial court and the Court of Civil Appeals because these courts failed "to render judgment against both Gulf, Colorado & Santa Fe Railway and the City of Beaumont as joint tort-feasors." The judgment of this Court recited that there was no error in the judgment of the Court of Civil Appeals which affirmed the judgment of the trial court for the plaintiffs except insofar as these judgments failed to render judgment against both Santa Fe and the City as joint tort-feasors; the cause was remanded to the trial court with instructions to enter judgment accordingly.

Our action in the above respects necessarily required disposition of the counter points and the cross assignments of error of the City. These cross assignments urged that there was no evidence to support the findings of the jury upon which liability of the City to the plaintiffs as a joint tort-feasor would necessarily have to be predicated. Our direction to the trial court to render judgment for the plaintiffs against both Santa Fe and the City was a determination that the judgment so ordered was supported by the evidence. As a matter of substance, the position of the City as appellee was within the reasonable intendments of Rule 324, T.R.C.P. It is true that in form the trial court overruled the motion of the City for judgment non obstante veredicto and for judgment disregarding certain findings of the jury. But the trial court in entering judgment for the City disregarded the findings of the jury which were the basis of our holding in Bliss that the City was equally culpable with Santa Fe. The City as appellee urged grounds that would have vitiated the verdict insofar as it was con-

cerned and would have prevented an affirmance of the judgment had one been entered by the trial court against the City.

The City will not be heard to say, in the face of its former position, that this Court was without jurisdiction to dispose of its cross assignments of error. The further assertion by the City that we did not dispose of its cross assignments is refuted by our action in directing the trial court to render judgment for the plaintiffs against Santa Fe and the City as joint tortfeasors. The City invoked the jurisdiction of the Court of Civil Appeals and of this Court to sustain its counter points and cross assignments of error which would have relieved the City of liability both as to the plaintiffs and as to Santa Fe, notwithstanding the findings of the jury adverse to the City. Having been unsuccessful in this, the City is now attempting by its motion for new trial in the trial court to re-litigate the questions of its liability to Santa Fe and to the plaintiffs, and thus interfere with the judgment and mandate of this Court. This the City may not properly do. Our judgment in Bliss settled the disputes between the parties and is final, conclusive and binding. It implied the decision that this Court had jurisdiction of what was adjudged. Humble Oil & Refining Co. v. Fisher, 152 Tex. 29, 253 S.W.2d 656. The Relators are entitled to prompt execution of the judgment entered by the trial court pursuant to the mandate of this Court. Conley v. Anderson, Tex.Sup., 164 S.W. 985. This Court has jurisdiction to issue such writs as may be necessary to enforce its judgments. Sparenberg v. Lattimore, 134 Tex. 671, 139 S.W.2d 77; cf. City of Dallas v. Dixon, Tex., 365 S.W.2d 919.

We are certain that the City of Beaumont and all other Respondents in the two causes will honor this opinion without the necessity of further action by this Court; if not promptly so done, all proper and necessary writs will issue.