Walter **TEACHWORTH** et al., Relators,

v.

Howard **TERRY** et al., Respondents.

No. 266.

Court of Civil Appeals of Texas.

Houston (14th Dist.).

May 7, 1969.

---

Will Sears, Sears & Burns, Houston, for appellant.

B. Jeff Crane, Jr., Raybourne Thompson, Vinson, Elkins, Searls & Connally, Houston, for appellee.

PER CURIAM.

This is an original application filed in this Court by petitioners, Walter Teachworth and Joseph C. Lampton, for the issuance of a writ of prohibition directed to the Honorable L. D. Godard, District Judge, presiding over the 122nd Judicial District Court of Galveston County, Texas, prohibiting and restraining respondent, Judge Godard, from taking any action in cause number 106,886 on the docket of such court, styled Howard Terry and Walter Mischer v. Walter Teachworth and Joseph C. Lampton, which suit was filed in the district court of Galveston County on the 17th day of April, 1969. This is likewise an original application for issuance of writs of injunction enjoining and restraining the respondents, Terry and Mischer, from further prosecuting such suit and from filing any other proceedings allegedly attempting to disturb, frustrate or overthrow this Court's judgment rendered in cause number 115, styled Howard Terry, et al, appellants, v. Walter Teachworth, et al, appellees, on June 19, 1968, affirming the judgment of the district court of Harris County, Texas, for the 157th Judicial District, in cause number 638,904 on the docket of such district court, styled Walter Teachworth et al, plaintiffs, v. Howard Terry, et al, defendants. See

431 S.W.2d 918. The Supreme Court of Texas refused application for writ of error, no reversible error, and this Court's mandate was issued on February 27, 1969. The judgment of the trial court thereby became the judgment of this Court. See Houston Oil Co. of Texas v. Village Mills Co., 123 Tex. 253, 71 S.W.2d 1087.

The affirmed judgment of the district court of Harris County in cause number 638,904 decrees that petitioners recover from respondents, Terry and Mischer, title to the tract of land situated in Galveston County, Texas, described in the judgment and determined and declared a purported foreclosure to be void; cancelled and set aside a certain substitute trustee's deed as a cloud upon petitioners' title; declared that the entire contract between petitioners and respondents entered into on or about December 20, 1962, was usurious, void and of no effect *for the amount of value of interest only;* adjudged title to the apartment furniture located on the subject property to be in the petitioners, and concluded with the following language:

"It is Further ORDERED, ADJUDGED and DECREED by the Court that, upon Plaintiffs' (Teachworth and Lampton) depositing in the registry of the Court for the order of the Defendants (Terry and Mischer) a sum equal to the total amount to which Defendants are entitled under Paragraph 1 above, less the credits to which Plaintiffs are entitled under Paragraph 2 above, Plaintiffs shall be entitled to possession of Subject Property, and of the apartment furniture located on the Subject Property, and shall have their writ of possession for such Subject Property and furniture; and the Court shall, upon proper application, make such further order or orders for remedial accounting relief and to require Defendants to file a further sworn statement or statements of net cash profits, which may become necessary to insure Plaintiffs their full right of accounting from Defendants for all net cash profits received by Defendants from the Subject Property and the apartment furniture located thereon until the date Defendants actually surrender possession thereof to Plaintiffs." (Parenthesis added).

The above judgment fully recognizes the deed of trust lien held by respondents, and it declares the note and lien to be void only so far as the interest is concerned. It further requires Terry and Mischer to account for money received and collected by respondents as rents and revenues from the subject property and the apartment furniture from and after July 31, 1967, and as long thereafter as respondents assume the position of mortgagees in possession. Such written accounting under oath was required to be filed with the Harris County District Court on or before the 30th day following the date the judgment became final. On April 8, 1969, respondents filed their sworn accounting pursuant to the judgment of the district court of Harris County.

Suit was filed by Terry and Mischer in the district court of Galveston County, Texas, on or about April 17, 1969. The petition alleges that Teachworth and Lampton were making claims against respondents that excessive expenses had been charged against the Galveston property involved, that respondents had neglected the property which they were operating pursuant to the agreements, and that claim was being made for waste of property and for excessive expenses, all of which respondents denied. Allegations were further made that respondents were unable to continue to operate the property without subjecting themselves to the claims and contentions of petitioners, that they were charging excessive expenses to the property and neglecting it, and petitioners therefore seek the appointment of a receiver pursuant to their contractual rights under the deed of trust and under Art. 2293, Vernon's Ann. Civ.St., and that such receiver manage the property under court order until such time as Terry and Mischer have been paid in full or the deed of trust lien is foreclosed and subjected to the lawful debt of respondents. In the Galveston suit Terry and

Mischer sought recovery of the balance due on the note and foreclosure of the lien was prayed for, together with 6% interest from March 21, 1969 and 10% attorney's fees, as provided in the note. On April 25, 1969, petitioners filed formal objections and exceptions to respondents' accounting, in which petitioners denied or questioned various items listed in the accounting.

On April 18, 1969, petitioners filed in this Court their motion for leave to file their application for issuance of writs of prohibition and injunction in which they sought temporary injunction restraining Terry and Mischer from any further prosecution of cause number 106,886 in the district court of Galveston County, Texas. We granted temporary injunction pending a hearing and pending our decision in this action.

■ It is clear that when a suit is brought in an inferior court by any of the parties or privies to such judgment, against those in favor of whom the judgment was rendered or their privies, and the suit directly involves the relitigation of rights established by the judgment, and is of such nature that, if successfully prosecuted, will result in a judgment which will purport the divesting of those rights, the prosecution of such suit will be prohibited as being an interference with the enforcement of the judgment of this Court. Houston Oil Co. of Texas v. Village Mills Co., supra; Gulf, Colorado & Santa Fe Ry. Co. v. City of Beaumont, 373 S.W.2d 741 (Tex.Sup.); Humble Oil & Refining Co. v. Fisher, 152 Tex. 29, 253 S.W.2d 656 (Tex.Sup.); Wells v. Littlefield, 62 Tex. 28 (Tex.Sup.).

We are of the opinion, however, that the action filed by respondents in the district court of Galveston County, Texas, does not interfere with the enforcement of the judgment of this Court affirming the judgment of the district court of Harris County, nor do we believe that the respondents are attempting to relitigate and assert matters which were either raised or should have been raised in the Harris County district court suit. The Harris County judgment

finding the purported substitute trustee's sale to be void, and finding that the note owed to Terry and Mischer was usurious, allowed the petitioners a credit in the amount of $238,203.23, being the net cash profit derived by respondents from the total amount of rentals and revenues received by them from the property from December 3, 1963 through July 31, 1967. The trial court further allowed a credit in the amount of all net cash profit derived by respondents from the total amount of rentals and revenues received by respondents from the property from and after July 31, 1967. The trial court additionally held that the respondents were entitled to receive from petitioners the sum of $495,740.14, being the total of $446,396.45, the amount of the actual principal of the loan made by respondents to petitioners, exclusive of all usurious interest; $14,503.12, the amount paid by respondents on the purchase price of the furniture located on the property; and $34,840.47, the amount paid by respondents for permanent capital improvements. The deed of trust lien was not impaired by the trial court's judgment after the above credits and adjustments were allowed. Respondents were, however, required to make an accounting to petitioners, which accounting was to be filed on or before the 30th day after the judgment became final. But writ of possession in favor of petitioners was withheld pending Teachworth's and Lampton's depositing in the registry of the trial court for the order of the respondents a sum equal to the total amount to which respondents were entitled, less credits, under their note and deed of trust. The accounting was made and filed by respondents, but no payments or deposits to satisfy the deed of trust note and lien have been paid by petitioners, and no tender has been made.

■ Respondents have the right to terminate their duties as mortgagees in possession and their operation of the property under these circumstances at any time they desire to do so, and we believe their suit in Galveston County seeking the appoint-

ment of a receiver to relieve them of such duties is warranted, and that such action does not interfere with the judgment of this Court. While petitioners are now contesting the final accounting, those matters can be determined by the Harris County district court at the proper time. The amounts due are capable of exact ascertainment.

 To construe our judgment as requiring Terry and Mischer to remain in the status of mortgagees in possession, applying the net income from the property to the payment of the balance due on their note, and as prohibiting them from filing suit to recover that balance due, as apparently contended by petitioners, would create an anomalous situation. The judgment *permits* the petitioners to pay the balance due, and upon doing so to have their writ of possession but it does not *oblige* them to make such payment. If the property failed to produce a net income the holders of the note could never collect it if this judgment precluded their filing suit to do so.

There is nothing in the trial court's judgment which impairs or abridges the right of respondents to foreclose their deed of trust lien on the property involved on default by petitioners. The judgment in fact recognizes the lien after the above-mentioned credits. We believe that it would be entirely unreasonable for this Court to hold that the lien and its enforcement were destroyed by the judgment of the trial court. We hold that it is now in full force and effect as written and reformed. No time limit for payment of respondents' note and obligation was ordered by the trial court, and since the judgment has now become final, and our mandate has issued, we can see no reason to limit or abridge the lien, the correct amount due upon the note, and the written terms of the deed of trust to secure payment thereof. We presume, of course, that the Galveston County district court will not relitigate matters already disposed of in the Harris County judgment.

The trial court's judgment is not conclusive of collateral matters, a decision of which is not necessary to an adjudication in the prior suit. The prior suit was an action in trespass to try title; for recovery of personalty and a claim of usury. The respondents had no duty to seek personal judgment on the note and foreclosure of its lien in such an action, particularly when the judgment recognized the lien and obligation and the matter was expressly excluded. We hold that the judgment in cause number 638,904 in the district court of Harris County is not res judicata of the present Galveston County action on the note and for foreclosure of respondents' lien on the involved property. American Freehold Land Mort. Co. v. Macdonell, 93 Tex. 398, 55 S.W. 737; White v. White, 149 S.W.2d 1031 (Tex.Civ.App.), writ ref.; Noel v. Clark, 25 Tex.Civ.App. 136, 60 S.W. 356, writ ref.; 34 Tex.Jur.2d, Sec. 505, p. 579, and Sec. 531, p. 615, and cases cited.

Petitioners' applications for issuance of writ of prohibition and for permanent injunction are denied, and the temporary injunction issued by this Court is dissolved.