**TEXAS AERONAUTICS COMMISSION and Southwest Airlines Co., Relators,**

v.

**Charles O. BETTS, District Judge et al., Respondents.**

No. B–2809.

Supreme Court of Texas.

July 7, 1971.

Crawford Martin, Atty. Gen., Thomas F. Sedberry, Asst. Atty. Gen., Austin, Oppen-

heimer, Rosenberg & Kelleher, Herbert D. Kelleher, San Antonio, Jacobsen & Long, Joe Long, Austin, John Peace, San Antonio, for petitioners.

Clark, West, Keller, Sanders & Ginsberg, William B. West, III, Dallas, Fulbright, Crooker, Freeman, Bates & Jaworski, Jay W. Elston, Houston, Clark, Thomas, Harris, Denius & Winters, Mary Jo Carroll, Austin, for respondents.

## ORIGINAL MANDAMUS

POPE, Justice.

The Texas Aeronautics Commission and Southwest Airlines Co. seek a mandamus ordering the Judge of the 98th Judicial District of Travis County to vacate an order restraining relators and to grant no further injunctive relief which would interfere with this court's judgment upholding Certificate Number 22 issued by the Commission to Southwest on November 6, 1970.

Certificate Number 22 is a certificate of public convenience and necessity which authorizes Southwest to provide intrastate commuter service between Dallas/Fort Worth, Houston and San Antonio. Braniff Airways, Inc. and Texas International Airlines, Inc. contested Southwest's application for the certificate before the Commission, and challenged the Commission's order granting the certificate in the courts of this state. Ultimately, the order was upheld by a judgment of this court. Texas Aeronautics Commission v. Braniff Airways, Inc., 454 S.W.2d 199 (Tex.1970), cert. denied, 400 U.S. 943, 91 S.Ct. 244, 27 L.Ed.2d 247 (1971).

After the proceedings concerning Certificate Number 22 had run their full administrative and judicial course, but before Southwest could initiate commuter service, Braniff and Texas International filed a motion with the Texas Aeronautics Commission to reopen the certification hearing for the purpose of requiring Southwest to show cause why its authority to operate under the certificate should not be amended, suspended, conditioned or revoked. On May 13, 1971, the Commission denied the motion. On May 19, 1971, Braniff and Texas International appealed from the order denying their motion, and that appeal is now pending before the 98th District Court of Travis County. On June 3, 1971, Braniff and Texas International amended their pleadings in the District Court and asked that Southwest be restrained and enjoined from making any changes in its form of operation from that proposed in its application for the certificate. On June 16, 1971, Braniff and Texas International filed a second amended petition in which they requested, among other relief, an order restraining the Commission from taking certain actions in connection with Southwest's proposed changes in operation. That same day the Judge of the 98th Judicial District Court, without hearing or notice to relators, granted the requested restraining order.

The order restrained the Texas Aeronautics Commission "from accepting for filing or from approving the rates heretofore sent to the Defendant Commission by Defendant Southwest Airlines Co. or any other rates, fares and charges which may hereafter be proposed by Defendant Southwest Airlines Co. unless such rates, fares and charges are identical with those proposed by Air Southwest Co. at the hearing upon the basis of which the order authorizing the issuance of the certificate was entered * * *." The order also restrained the Commission from accepting for filing or from approving schedules which Southwest Airlines Co. had proposed unless they were identical with those proposed at the earlier hearing in 1968. The order further restrained the Commission from permitting Southwest Airlines Co. to offer any air service other than "the same service under the same terms and conditions as previously granted by the Commission" to Southwest Airlines Co.

Certificate Number 22, which the Commission issued and which has been upheld by this court, is now final. Its terms are stated in the margin.[1] The Commission accompanied the certificate with a separate order which stated four required operating specifications.[2] The certificate and the specifications contained in the order, when considered together, state the authority and conditions which Southwest is required to meet.

■ Braniff and Texas International, as a basis for enjoining Southwest's operations, urge that the conditions of operation contemplated by Southwest differ substantially from those required by the certificate and accompanying order. First, Southwest now plans to use new Boeing Model 737–200 jets acquired at a cost of $4,000,000 per aircraft, rather than the originally proposed second-hand Electra 188 turbo-jets. The certificate approved by this court requires only that Southwest utilize "Federal Aviation Agency certificated aircraft of any gross takeoff weight." The proposed aircraft meet this requirement, and any injunction or restraining order based on this change in aircraft would interfere with this court's judgment approving the certificate and its attendant conditions.

■ Next, Braniff and Texas International urge that the rates and schedules now proposed by Southwest substantially differ from those proposed in its initial application for certification back in 1967. The certificate approved by this court's judgment does not require as a condition or limitation that the rates and schedules contained in the 1967 application must be maintained. Nor are certificates for other carriers so conditioned. The practice of the Commission is not to burden the certificate of public necessity and convenience with listings of schedules and rates. The Texas Aeronautics Act authorizes the Commission to approve or disapprove

---

1. CERTIFICATE OF PUBLIC CONVENIENCE AND NECESSITY NUMBER 22

AIR SOUTHWEST CO., doing business as AIR SOUTHWEST is hereby authorized to operate as an intrastate common carrier by air for the transportation of persons and property, utilizing Federal Aviation Agency certificated aircraft of any gross takeoff weight and subject to the conditions hereinafter set forth, the laws of the State of Texas and the requirements, rules and regulations of the Texas Aeronautics Commission, issued pursuant thereto, as follows:

Between and among the points Dallas/Fort Worth, Houston and San Antonio, Texas.

The service hereby authorized is subject to the following conditions:

The holder of this Certificate may begin or terminate, and begin and terminate, service at any airports serving those points named herein.

This Certificate shall be effective as of February 20, 1968.

IN WITNESS WHEREOF, the Texas Aeronautics Commission has caused this Certificate to be executed by the Director of the Commission, and the seal of the Commission to [be] affixed hereto, as of the 20th day of February, 1968.

Signed and entered this the 6th day of November, 1970.

/s/ Charles Murphy
Charles Murphy, Director

2. 1. As a condition to the issuance of such Certificate, applicant agrees that applicant will permit Federal Aviation Administration personnel, as well as the Commissioners, or any of them, the Director, or the staff, to inspect all facilities from time to time, and to board aircraft for inspection and observe other operations to insure compliance with the Certificate.

2. After the commencement of service authorized, quarterly financial statements and affirmation of insurance in force shall be submitted to the Commission on or before the last day of the month following the end of each calendar quarter. This report shall include a statement of income from all sources and expenses incurred and a balance sheet reflecting your financial position.

3. All published schedules and rates, as authorized, will be adhered to. No changes of schedules shall occur without prior written notification to the Texas Aeronautics Commission.

4. No deviation from the authority granted in the Certificate of Public Convenience and Necessity is permitted without prior approval of the Commission.

rates, fares and charges and schedules filed by air carriers, but such items are not required to be included in nor made limitations upon certificated authority. Art. 46c–6, Sec. 3, Vernon's Ann.Tex.Civ.St. The practice of the Commission is that rates and schedules are matters of management which may be changed merely by filing notice with the Commission, subject to the Commission's subsequent approval or disapproval. This practice is consistent with that under which interstate carriers such as Braniff and Texas International operate. 49 U.S.C.A. Secs. 1371(e) (4) and 1373(c). The relief sought by Braniff and Texas International and granted by the trial court thus imposes upon Southwest conditions which are not contained in its certificate, which other air carriers are not required to follow and which are not required by our judgment or any rule or law relating to interstate or intrastate air carriers. The order of the trial court thus interferes with the former judgment of this court approving Southwest's certificate.

■ Respondents insist that the injunctive relief awarded in this case is appropriate as relief ancillary to their appeal from the Commission's order denying the motion to reopen the certification hearing. A temporary restraining order and, after notice and hearing, a temporary injunction may be granted for the purpose of maintaining the status quo. Janus Films, Inc. v. City of Fort Worth, 163 Tex. 616, 358 S.W.2d 589 (1962). The status quo to be preserved is "the last, actual, peaceable, noncontested status which preceded the pending controversy." Transport Co. of Texas v. Robertson Transports, 152 Tex. 551, 261 S.W.2d 549 (1953); see also, Lowe & Archer, Injunctions and Other Extraordinary Proceedings, Secs. 327, 328 (1957). We believe that the status quo to be preserved in this case was that which existed at the time Braniff and Texas International moved to reopen the certification proceedings. At that time Southwest possessed its

certificate, and judicial review of that certificate had come to a conclusion. At that time Southwest had, and still has, the right to operate within the limitations of its certificate. Chemical Bank & Trust Co. v. Falkner, 369 S.W.2d 427 (Tex.1963); Brazosport Savings and Loan Assn. v. American Savings and Loan Assn., 161 Tex. 543, 342 S.W.2d 747 (1961). That situation is the status quo which is entitled to the protection of the trial court. The order issued in this case did not protect that status, but disrupted it by preventing operations permissible under the certificate. Cf. Grayson Enterprises, Inc. v. Texas Key Broadcasters, Inc., 388 S.W.2d 204 (Tex. Civ.App.1965, no writ); Taylor v. Cameron County Fresh Water Supply District Number One, 361 S.W.2d 476 (Tex.Civ. App.1962, no writ). This court's judgment upholding Certificate Number 22 established the status quo, and this court has a duty to protect and enforce its own judgments by maintaining that status. We regard the injunctive relief sought and that which has already been granted as intrusions upon this court's authority. Gulf, C. & S.F. Ry. v. City of Beaumont, 373 S.W. 2d 741 (Tex.1964); Sparenburg v. Lattimore, 134 Tex. 671, 139 S.W.2d 77 (1940); Rio Bravo Oil Co. v. Hebert, 130 Tex. 1, 106 S.W.2d 242 (1937); Crouch v. McGaw, 134 Tex. 633, 138 S.W.2d 94 (1940); Norvell and Sutton, The Original Writ of Mandamus in the Supreme Court of Texas, 1 St. Mary's Law Journal 177, 195 (1969).

■ We further note that the issues concerning rate and schedule changes proposed by Southwest are prematurely before the district court. Such proposals are to be filed with the Texas Aeronautics Commission, and are subject to the Commission's approval or disapproval. As such the matters lie within the exclusive original jurisdiction of the Commission and cannot come within the jurisdiction of the district court except by appeal from action of the Commission on the proposed changes. In granting the relief which it has, the trial court not only appears to

have improperly assumed jurisdiction over these matters, but it has also attempted to prevent the Commission from exercising its jurisdiction by restraining the Commission from accepting the proposed changes for filing and approving or disapproving them.

We do not at this time disturb the pending appeal by Braniff and Texas International from the Commission's order denying reconsideration of the certification. However, the limited record before us shows that Southwest proposes to operate in compliance with the provisions of Certificate Number 22, and is in violation of no rule of the Commission or law of the State of Texas or the United States. The injunctive relief requested in the trial court and that granted is unnecessary. It interferes with this court's former judgment which this court will not allow. The order of June 16, 1971, has now expired, but we order that the trial court cease further interference with this court's former judgment by granting injunctive relief.

CALVERT, C. J., concurs in the result.