**Alice KYLES, Relator,**

v.

**The Honorable Marsha ANTHONY, Judge, 334th Judicial District, Harris County, Respondent.**

**No. A14–86–703–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 30, 1986.

Paul B. Miller, Jr., Houston, for relator.

Michael Phillips, Houston, for respondent.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

OPINION

ROBERTSON, Justice.

Relator asks us to issue a writ of prohibition forbidding respondent from proceeding to trial on a bill of review filed by Associated Indemnity Corporation (AIC). On October 18, 1986, we granted leave to file the petition and issued an order restraining respondent from entertaining further proceedings in the bill of review. We now grant the writ of prohibition.

After relator filed a claim for workers' compensation, the Industrial Accident Board (the Board) entered a final award containing a clerical error. Instead of awarding a 5% and 10% loss of use of relator's injured legs, the Board awarded 50% and 100% loss of use of the legs. AIC filed a timely notice of intent to appeal the award. Its suit, initiated in the 334th District Court, was untimely filed. When AIC refused to pay relator, she filed suit in the 333rd District Court to mature her award and also filed a cross-action in the 334th District Court to mature the award. AIC, seeking a corrected award from the Board under TEX.REV.CIV.STAT.ANN. art. 8306 § 12d, took a nonsuit in its action in the 334th District Court.

After relator filed a motion for summary judgment on its suit to mature the award in the 333rd District Court, AIC filed a response and a motion to abate. This motion to abate was granted. Relator then moved for default judgment on its cross-action in the 334th District Court. The judgment was granted May 7, 1984, awarding her $55,488.30. The following month the Board issued a nunc pro tunc order correcting its earlier error. AIC was then granted a summary judgment in the 333rd District Court based on the corrected award.

AIC appealed the default judgment on the cross-action in the 334th District Court.

AIC also filed a bill of review which was dismissed. This Court affirmed the default judgment, *Associated Indemnity Corp. v. Kyles,* 704 S.W.2d 474 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.), and issued mandate July 10, 1986.

AIC again filed a bill of review in the 334th District Court. After the bill of review was filed, relator's motion to abate was denied and she was temporarily restrained from enforcing the judgment under our mandate. It is this proceeding relator asks us to prohibit.

An applicant for a bill of review must not only demonstrate equitable grounds for relief, but must also articulate a meritorious defense. *Petro-Chemical Transport, Inc. v. Carroll,* 514 S.W.2d 240, 245 (Tex.1974) citing *Overton v. Blum,* 50 Tex. 417 (1878).

At the heart of AIC's defense in its petition for bill of review is the nunc pro tunc order of the Board. The validity of that nunc pro tunc order has been decided by this Court. 704 S.W.2d at 478. We held that the Board had no authority to correct errors made in fixing the amount of the original award after the award became final. The Board's authority to change or revoke a final award is based on events occurring subsequent to the award. *Id.*

AIC, in its petition for bill of review, is attempting to relitigate issues previously settled by this Court. A writ of prohibition is properly issued to prevent an inferior court from entertaining a suit to relitigate controversies previously settled by the issuing court. *Sparenberg v. Lattimore,* 134 Tex. 671, 139 S.W.2d 77, 80 (1940); *Smith v. Grievance Committee,* 475 S.W.2d 396, 399 (Tex.Civ.App.—Corpus Christi 1972, no writ).

The writ of prohibition is granted. Respondent is ordered to refrain from entertaining further proceedings in Cause No. 86–32865, styled *Associated Indemnity Corporation v. Alice Kyles.*