**The CITY OF ORANGE, Relator,**

v.

**The Honorable Patrick A. CLARK, District Judge, Respondent.**

No. C–964.

Supreme Court of Texas.

Jan. 27, 1982.

Feagin W. Windham, City Atty., Orange, Orgain, Bell & Tucker, John G. Tucker, Beaumont, for relator.

John O. Young, William C. Wright, County Atty., Orange, for respondent.

PER CURIAM.

This is an original proceeding for writ of mandamus and writ of prohibition.

This is the second suit between the City of West Orange and the City of Orange over extraterritorial jurisdiction. The City of West Orange first sued the City of Orange to have certain 1970 annexation ordinances of the City of Orange declared invalid. In that suit it was necessary to find the 1963 population of both cities to determine the extraterritorial jurisdiction of each and the validity of the ordinances. In that case this Court reversed the judgment of the court of civil appeals *only* as to the validity of the ordinance purporting to annex the Orange Industrial Buffer Strip and remanded the cause to the trial court. On that appeal we wrote:

"The trial upon remand should not include a retrial of the population issues which have already been once fairly tried."

*City of West Orange v. State ex rel. City of Orange*, 613 S.W.2d 236, 240 (Tex. 1981).

Similar language appeared in the mandate of this Court.

On remand, the City of West Orange filed a new pleading attacking certain 1981 annexation ordinances of the City of Orange. Some of the grounds alleged in attacking the 1981 ordinances required a redetermination of the 1963 population. The trial court gave the new pleading a new cause number, but granted West Orange's motion to consolidate the remanded cause with the "new" cause.

By its pleadings, motions and responses, West Orange has evidenced its intent to relitigate the 1963 population findings in the consolidated suit. The trial court has evidenced its intent to allow relitigation of the 1963 population figures by denying Orange's special exceptions, by overruling Orange's opposition to the consolidation, by declining to rule on Orange's motion to strike pleadings for relitigation, and by ordering a trial to "develop a proper statement of facts" on all issues raised by the pleadings.

The actions of Judge Patrick A. Clark and the City of West Orange are contrary to the opinion and mandate of this Court in the prior appeal. The trial court's ruling that it will allow relitigation of the 1963 population issues by joining them with the new issues of the new pleading interferes with this Court's former judgment. This interference conflicts with the decision of this Court in *Texas Aeronautics Commission v. Betts*, 469 S.W.2d 394 (Tex. 1971). Mandamus will issue to prevent further interference with this Court's judgment. This Court stated the trial court should proceed only for a specified purpose. The trial court's order that it may reconsider the 1963 population figures in the remanded cause is in contravention of the express limitation. The order conflicts with *Hum-*

*ble Oil & Refining Co. v. Fisher*, 152 Tex. 29, 253 S.W.2d 656 (1952), and writ of prohibition will issue to prevent relitigation.

Without hearing oral argument, we conditionally grant the writs of mandamus and prohibition against the district judge. TEX. R. CIV. P. 483. The writs will issue only if the judge fails to comply with this opinion.