**B.H. JONES, Relator,**

v.

**Honorable Gus J. STRAUSS, et al., Respondents.**

**No. C–7072.**

Supreme Court of Texas.

Feb. 24, 1988.

Ronald G. Byrnes and Allen R. Lazor, Byrnes, Lazor & Fischer, Houston, for relator.

Philip Gates, Gates, Stein & Sebesta, Columbus, for respondents.

PER CURIAM.

This is an original proceeding for writ of prohibition in which B.H. Jones seeks to prevent Jack Colle and the two district judges in Colorado County, the Honorable Gus J. Strauss and the Honorable B.B. Schraub, from forcing him to relitigate his right to an accounting for production on a

certain oil and gas producing property. Jones seeks the writ of prohibition on the basis that this court has already rendered final judgment for him in *Jones v. Colle*, 727 S.W.2d 262 (Tex.1987). Because a majority of the court concludes the action of Respondent Colle is in conflict with this court's opinions in *Cherokee Water Co. v. Ross*, 698 S.W.2d 363 (Tex.1985) and *Humble Oil and Refining Co. v. Fisher*, 152 Tex. 29, 253 S.W.2d 656 (1952), we grant the writ of prohibition against Respondent Colle. For the reasons given below, we deny the writ of prohibition against the district judges, without prejudice to refiling.

The controversy arose from a suit originally styled *Jack Colle v. Winifred E. Curry, et al.* in the Second 25th District Court of Colorado County. B.H. Jones, as Intervenor and cross-plaintiff, brought an action against Colle for declaratory relief to construe an oil and gas lease, and Colle sought cross relief over against Jones. All issues among all parties other than Jones and Colle were settled by an Agreed Judgment.

Resolution of the dispute between Jones and Colle required construction of an oil and gas lease. Colle moved for summary judgment declaring that Jones' mineral interest in a second adjacent tract was covered under Colle's lease because of the "Mother Hubbard" clause in the lease. Jones moved for summary judgment that his mineral interest was not included by the Mother Hubbard clause because it was not specifically leased and was not a small piece or strip existing without the knowledge of one or both parties to the lease. The only remedy for which Jones prayed in his motion for summary judgment was an accounting from Colle.

The trial court denied Jones' motion and granted Colle's motion, declaring that the adjacent tract was included in the lease. Jones appealed Colle's judgment against him, with no other parties involved in the appeal. The court of appeals affirmed the trial court's judgment. This court then reversed and rendered judgment for Jones

in *Jones v. Colle*, 727 S.W.2d 262 (Tex. 1987). In two separate places this court's opinion states that judgment was *rendered* for B.H. Jones. 727 S.W.2d at 262, 263. The written judgment recorded in the Minutes of this court states:

> This court now renders judgment as should have been rendered below:
>
> In accordance with the opinion of this court, it is ordered that:
>
> 1) as the Mother Hubbard clause applies only to properties not described in the deed when that other property consists of lands which may exist without the knowledge of one or both paries, the judgments of the courts below are reversed.
>
> 2) Judgment is rendered for B.H. Jones.
>
> 3) Jack Colle shall pay the costs in this court, the court of appeals and the trial court.
>
> 4) B.H. Jones shall recover his costs in those courts from Jack Colle.

After this court's mandate issued to the trial court, counsel for Jones sent counsel for Colle a written demand for an accounting. Colle then hired new counsel, who filed a pleading entitled "Response of Cross–Defendant Colle to Demand of Cross–Plaintiff Jones for an Accounting." The pleading set forth four new defenses to the accounting: (1) that the Agreed Judgment and documents showed that the adjacent tract was meant to be included in the lease; (2) that Jones is estopped to demand an accounting of Colle; (3) that Jones is estopped to deny the effective date for future participation in either royalty or unleased mineral interests is September 11, 1984, and therefore Colle must account only for production after that date; and (4) that Jones' failure to "market his share of the gas" was the reason for Jones' shortfall and therefore Colle should not be required to account. The new counsel also submitted an order substituting counsel, which Judge Strauss signed.

Jones asserts in this court the general proposition that Colle may not now raise

new affirmative defenses to defeat the final judgment of this court. Colle in his reply argues that since nothing in the opinion or judgment expressly states that Colle is to render an accounting to Jones, this court only determined that Colle was not entitled to Jones' mineral interest in the adjacent tract. Colle thus argues that Jones' ownership of the mineral interest and consequent right to an accounting of Colle's production from that tract has not yet been litigated, and he may assert new defenses. The issue is the meaning of this court's statement that judgment was "rendered" for B.H. Jones.

This court set forth the standard for determining the scope of the judgment in *Cherokee Water Co. v. Ross*, 698 S.W.2d at 365–66, as being whether "construction of the *judgment as a whole, in light of the record*, would lead to the conclusion that the defenses were necessarily and finally determined." (Emphasis added.)

■ When a trial court grants a summary judgment, the losing party appeals, and an appellate court finds reversible error in the judgment, the appellate court's normal action is to reverse the trial court's judgment and remand the cause to the trial court. An exception may occur when both parties moved for summary judgment and one such motion was granted, but the other denied. Then the appellate court should determine all questions presented, and may reverse the trial court judgment and render such judgment as the trial court should have rendered, including rendering judgment for the other movant. *See Ackermann v. Vordenbaum*, 403 S.W.2d 362, 364–65 (Tex.1966); *Tobin v. Garcia*, 159 Tex. 58, 316 S.W.2d 396 (1958).

■ Under these stated rules for summary judgment cases, and construing the record as a whole, it is clear that this court's statements in its judgment, "This court now renders judgment as should have been rendered below: * * * 2) Judgment is rendered for B.H. Jones," necessarily imply that Jones' motion for judgment was granted, and that his prayer for relief of an accounting by Colle was also necessarily granted. Colle's filing pleadings attempting to relitigate this right already determined by final judgment is an interference with this court's jurisdiction and judgment that will justify issuance of the writ of prohibition against Colle as a party to the prior appeal. *City of Orange v. Clark*, 627 S.W.2d 146 (Tex.1982); *Humble Oil and Refining Co. v. Fisher*, 152 Tex. 29, 253 S.W.2d at 663.

■ To justify issuance of the writ of prohibition against a trial judge, this court would ordinarily need to find that the trial court had evidenced an intent to allow relitigation of the matters determined by this court's judgment. *See Cherokee Water Co. v. Ross*, 698 S.W.2d at 366; *City of Orange v. Clark*, 627 S.W.2d at 147. As evidence of such intent, Jones alleges only that the two district judges have allowed substitution of counsel. That action does not necessarily indicate an intention to allow relitigation. We deny the writ of prohibition against the two district judges, without prejudice.

The action of Respondent Colle is in conflict with the opinions of this court in *Cherokee Water Co. v. Ross* and *Humble Oil and Refining Co. v. Fisher*. Therefore, we grant leave to file the petition for writ of prohibition and a majority of the court, without hearing argument, grants the writ against Respondent Colle. TEX.R.APP.P. 122. A writ of prohibition will issue commanding Respondent Jack Colle to desist and refrain from all actions to relitigate the right of B.H. Jones to an accounting for oil and gas production on the tract already adjudicated by this court's prior opinion.