IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-081-CV





CITY-COUNTY SOLID WASTE CONTROL BOARD,



 APPELLANT


vs.





CAPITAL CITY LEASING, INC., AND BILL GASTON, INC.,



 APPELLEES



 




FROM THE DISTRICT COURT OF COMAL COUNTY, 274TH JUDICIAL DISTRICT



NO. C87-767C, HONORABLE FRED A. MOORE, JUDGE



 




 A lessor and its assignee sued a governmental unit for
breach of an equipment lease. The trial court granted summary
judgment against the governmental unit. We reverse the trial
court's judgment and instead render judgment that appellees take
nothing.



BACKGROUND


 The issue in this appeal is whether a lease which
requires a governmental unit to pursue annual appropriations
creates an unconstitutional debt.

 In 1976, Comal County and the City of New Braunfels
created the City-County Solid Waste Control Board (the Board) to
operate their jointly owned sanitary landfill. In June 1986, the
Board entered into a lease-purchase agreement with Capital City
Leasing, Inc., for earth moving equipment. The lease provided for
an "anticipated" term of four successive one-year periods,
corresponding to the Board's fiscal year, beginning on July 1,
1986.

 The lease further provided that the Board's "right, title
and interest in and obligations under [the lease]" would terminate
if the Board were unable to "obtain proper appropriation or
approval of the full amount of funds necessary to make [the lease]
payments." This provision required the Board to give Capital City
thirty days' notice. The lease also required the Board, "to the
extent permitted by State law," to include in its budget for each
of the four years of the lease "a sufficient amount to permit [the
Board] to discharge all of its obligations" under the lease.

 In the year after the lease was executed, the Board
experienced operating losses and numerous problems complying with
sanitation regulations. As a result, the Board sold the landfill
in May 1987 to a private operator, which did not assume the Board's
obligations under the lease. Because the Board no longer needed
the leased earth movers, it notified Capital City in writing on
June 17, 1987 that it was terminating the lease and at the same
time remitted lease payments through July 17, 1987. The Board
concedes that the proceeds from the sale of the landfill to the
private operator were more than sufficient to pay all of the lease
payments that it would have owed had it leased the equipment for
three more years.

 Capital City sued the Board for breach of the lease
agreement, alleging, among other things, that the Board could not
terminate the lease without first attempting in good faith to
appropriate funds to cover the rent payments. Both parties moved
for summary judgment. The trial court denied the Board's motion,
and granted Capital City judgment against the Board for
$140,133.17, the total rent the Board would have paid had it
renewed the lease for each of the three years following the
termination.

 The Board asserts the trial court erred in that: (1) the
lease is void because it is a "debt" in violation of the Texas
constitution; (2) the Board properly complied with the lease's
termination provision; and (3) the lease is void because neither
Comal County nor the City of New Braunfels ratified it. We will
address only the Board's contention that the lease creates an
unenforceable "debt."



DISCUSSION AND HOLDING


 Neither a city nor a county may incur a "debt" without
establishing a tax to cover interest on the obligation and to
create a sinking fund of at least 2% to reduce the principal. Tex.
Const. Ann. art. 11, §§ 5 & 7 (1955 & Supp. 1991). The supreme
court has addressed the purpose underlying this restriction:



 At the time the constitution was framed, the history of
the country and the state afforded examples of municipal
corporations which had become bankrupt through the
reckless and extravagant management of their governing
bodies; and its framers doubtless had under consideration
the evils which result both to the tax-payers and the
creditors of such corporation from an unlimited power to
create debts.



City of Terrell v. Dissaint, 9 S.W. 593, 594 (Tex. 1888). A
contract which violates these constitutional provisions is void,
and the governmental unit involved need not pay any related
obligation. Texas & New Orleans R.R. Co. v. Galveston County, 169
S.W.2d 713, 716 (Tex. 1943).

 "Debt," as used in sections 5 and 7, means any pecuniary
obligation imposed by contract. McNeill v. City of Waco, 33 S.W.
322, 324 (Tex. 1895). A contract does not create a "debt,"
however, if the parties lawfully and reasonably contemplate that
the obligation will be satisfied out of current revenues or out of
some fund then within the immediate control of the governing body. 
Id. A contract which runs for more than one year is a commitment
only of current revenues, and so is not a "debt," if it reserves to
the governing body the right to terminate at the end of each budget
period. See 1979 Tex. Gen. Laws, ch. 749, § 4(b), at 1841 [Tex.
Rev. Civ. Stat. Ann. art. 2368-2 §§ 3-4, since codified at Tex.
Local Gov't Code Ann. § 271.005(b) (1988)].

 In this case, the "anticipated" term specified in the
lease exceeds one fiscal year, and so the lease is a "debt" within
the meaning of sections 5 and 7, unless it reserves to the Board
the right to terminate at the end of each year. The lease contains
a termination provision, but that provision is not sufficient to
save the lease from unconstitutionality. While the lease gives the
Board the right to terminate at the end of each budget period, the
Board can exercise that right only if it has not obtained an
appropriation for the lease payments. By requiring the Board to
pursue funding before it can terminate, the lease creates a
pecuniary obligation, the exact evil sections 5 and 7 were designed
to prevent. The lease it, therefore, void.

 Capital City asks us to nonetheless uphold the summary
judgment because the Board breached other provisions of the lease. 
The alleged breaches are irrelevant, however, because the lease is
void and so the provisions breached are unenforceable.



CONCLUSION


 We hold that the lease creates an unconstitutional debt. 
We sustain the Board's first point of error and reverse the trial
court's judgment. Ordinarily, when an appellate court reverses a
summary judgment, it remands the cause to the trial court. Where,
however, the trial court has also denied the other party's
meritorious motion for summary judgment, the appellate court may
render judgment on that motion. Jones v. Strauss, 745 S.W.2d 898,
900 (Tex. 1988).

 In this case, the trial court should have granted the
Board's motion for summary judgment because the lease is void. 
Accordingly, we render judgment that the appellees take nothing. 
Because we reach this determination, we do not address the Board's
other points of error.






 ____________________________________


 Jimmy Carroll, Chief Justice


[Before Chief Justice Carroll, Justices Jones and B. A. Smith]


Reversed and Rendered


Filed: July 24, 1991


[Publish]