**NATIONAL ASSET PLACEMENT CORP., Appellant,**

v.

**WESTERN SECURITIES (USA) LIMITED, et al, Appellee.**

No. 04–99–00835–CV.

Court of Appeals of Texas, San Antonio.

Jan. 31, 2001.

Rehearing Overruled April 5, 2001.

Curtis L. Cukjati, E. Conry Davidson, Troy S. Martin, III, Drew S. Richman, Cacheaux, Cavazos, Newton, Martin & Cukjati, L.L.P., J. Mark Dubose, Jr., San Antonio, for Appellant.

Deborah L. Klein, Asst. City Atty., San Antonio, Julia A. Cook, Cook, Mills, Mayer & Silver, L.L.P., Houston, D. Paul Dalton, Sim Israeloff, Cowles & Thompson, P.C., Dallas, Jerry T. Steed, Kay A. Elsasser, Baucum Steed Barker, San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, PAUL W. GREEN, Justice, and KAREN ANGELINI, Justice.

## OPINION

KAREN ANGELINI, Justice.

National Asset Placement Corporation brought suit against Western Securities (USA) Limited and other past and present property owners seeking a declaratory judgment that the statute of limitations had not expired on their cause of action, and judicial or non-judicial foreclosure.[1] The trial court granted summary judg-

1. The other named defendants are Western Properties (Texas) Limited, Relee Partners, L.P., the City of San Antonio, First National Bank of South Texas, USA Relee Holdings, L.P., Tri–Mark Construction, Inc., U.S.A. Metropolitan Tax Credit Fund II, L.P., U.S.A. Institutional Tax Credit Fund VI, L.P. and DOE 1–5.

ment on limitations and res judicata grounds. National Asset appeals. We affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Western USA is the original owner of the property, and the obligor on the note and the underlying deed of trust lien on the property. Western USA transferred its interest to Western Texas, which transferred its interest to Relee Partners. The FDIC acquired the note and deed of trust lien. It then sued Western USA in federal court for the balance due on the note and obtained an agreed final judgment. The FDIC assigned its right to collect the agreed final judgment to appellant, National Asset Placement Corporation. National Asset sued Relee Partners L.P. and other related companies,[2] USA Metropolitan Tax Credit Fund and USA Institutional Tax Credit Fund,[3] Western USA and Western Texas, and the City of San Antonio to obtain a declaratory judgment that the statute of limitations had not expired on its right to foreclose on the property and sought judicial or non-judicial foreclosure.

The parties filed competing motions for summary judgment. A partial summary judgment was granted in favor of the defendants. The defendants then filed a second motion for partial summary judgment, which was granted. Summary judgment was granted against National Asset on two grounds: the statute of limitations has run on the foreclosure action; and, the foreclosure action is barred by res judicata because the prior federal lawsuit and judgment resolved all claims between the parties. National Asset appeals.

### STANDARD OF REVIEW

To prevail on summary judgment, a plaintiff must conclusively establish all elements of his cause of action as a matter of law. TEX.R.CIV.P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 679 (Tex.1979). On the other hand, a defendant who moves for summary judgment must disprove at least one essential element of each of the plaintiff's theories of recovery or conclusively establish each element of an affirmative defense. TEX.R.CIV.P. 166a(c); *Nixon v. Mr. Property Management Co., Inc.*, 690 S.W.2d 546, 548 (Tex.1985).

When the parties file competing motions for summary judgment and one is granted and the other denied, the reviewing court should review the summary judgment evidence presented by both sides and determine all questions presented. *Commissioners Court of Titus County v. Agan*, 940 S.W.2d 77, 81 (Tex.1997). This court may reverse the judgment of the trial court and render such judgment as the trial court should have rendered, including rendering judgment for the other movant. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex.1988).

### STATUTE OF LIMITATIONS

In its first issue, National Asset claims the trial court erred in granting summary judgment on statute of limitations grounds.

### a. Federal Statute of Limitations Applies

---

**2.** Relee Partners L.P., USA Relee Holdings, L.P., First National Bank of South Texas & Tri Mark Construction are all current and previous owners of the property. They bought it from Western Texas.

**3.** USA Metropolitan Tax Credit Fund and USA Institutional Tax Credit Fund also have an interest in the property.

■ Federal statutes of limitations apply to causes of action on debts and foreclosures asserted by the FDIC. *See* 12 U.S.C. § 1821; 28 U.S.C. § 2415. And, the Texas Supreme Court held in *Jackson v. Thweatt,* 883 S.W.2d 171, 176 (Tex.1994) that the FDIC's private successors in interest are entitled to the benefit of longer federal statutes of limitations. *See also FDIC v. Bledsoe,* 989 F.2d 805, 811 (5th Cir.1993). The FDIC, here, assigned its right to collect the agreed final judgment to National Asset. Accordingly, the federal statutes of limitations apply to National Asset. Two separate federal statutes of limitation are relevant here.

### (i) 28 U.S.C. § 2415(a)

The first is found at 28 U.S.C. § 2415(a), which is a general statute of limitations applicable to actions in contract brought by federal government agencies and their successors in interest for money damages. Such actions must be brought within six years after the cause of action accrues, "[p]rovided, [t]hat in the event of later partial payment or written acknowledgment of the debt, the right of action shall be deemed to accrue again at the time of each such payment or acknowledgment." 28 U.S.C. § 2415(a).

### (ii) 12 U.S.C. § 1821(d)(14)—FIRREA

The second relevant provision is 12 U.S.C. § 1821(d)(14), commonly called the Financial Institutions Reform, Recovery and Enforcement Act, or FIRREA. Under FIRREA, the applicable statute of limitations with regard to contract claims brought by the FDIC is the longer of the six year period beginning on the date the claim accrues or the period applicable under state law.[4] 12 U.S.C. § 1821(d)(14). Unlike section 2415(a), FIRREA does not contain an acknowledgment provision which would toll the statutes of limitation in foreclosure cases. The question becomes, do we extrapolate section 2415(a)'s tolling provision to the claim for judicial foreclosure?

### b. Is the Acknowledgment Defense Available in Suits to Foreclose on a Deed of Trust Lien?

All parties agree that the claim accrued on the day the note matured, January 1, 1989. The six-year statute of limitations expired January 1, 1995. National Asset brought this suit for judicial foreclosure on December 22, 1997, almost three years after the statute of limitations ran, absent any tolling provisions. National Asset asserts that the debt was acknowledged when the agreed judgment was entered, and thus the claim re-accrued on the date of acknowledgment, January 3, 1994, and they had until January 3, 2000, to initiate foreclosure proceedings. National Asset's argument rests on the assumption that section 2415(a) applies to foreclosures on debt security.

The Fifth Circuit, in *Davidson v. FDIC,* held that section 2415(a) does not directly apply to foreclosures on security for the debt. *Davidson v. FDIC,* 44 F.3d 246, 249 (5th Cir.1995). The court reached this conclusion primarily on the grounds that all statutes of limitations against the United States are to be strictly construed. *Davidson v. FDIC,* 44 F.3d 246, 249 (5th Cir.1995) (citing *Badaracco v. Commissioner of Internal Revenue,* 464 U.S. 386, 391–92, 104 S.Ct. 756, 761, 78 L.Ed.2d 549

---

4. In Texas, "[a] person must bring suit for the recovery of real property under a real property lien of the foreclosure of a real property lien not later than four years after the day the cause of action accrues." TEX CIV.PRAC. & REM. CODE ANN. § 16.035(a) (Vernon Supp.2000).

The cause of action accrued here on January 1, 1989. Therefore, under Texas law, limitations would have expired on January 1, 1993. Clearly the federal six-year statute would provide a longer time within which National Asset could have brought its claim.

(1984)). The court reasoned that Congress characterized the action contemplated in section 2415(a) as one for "money damages," thus distinguishing between actions to recover on the promissory note and actions to foreclose on the security. *Id.* Only an action to recover on a promissory note is an action for money damages within section 2415(a)'s meaning. *Id.*

However, in *SMS Financial, L.L.P. v. ABCO Homes, Inc.,* 167 F.3d 235 (5th Cir.1999), the Fifth Circuit addressed whether section 2415(a)'s tolling provision should be applied to section 1821. The court first considered two other cases, wherein the courts applied both sections together. *Id.* at 240. In *Midstates Resources Corp. v. Farmers Aerial Spraying Service, Inc.,* the court held that section 2415's tolling provision should apply because it does not conflict with section 1821's provisions. *Id.* at 240–21 (citing *Midstates Resources Corp. v. Farmers Aerial Spraying Service, Inc.,* 914 F.Supp. 1424, 1426–1427 (N.D.Tex.1996)). The court, in *SMS Financial,* also noted that it has previously given effect to both section 2415 and section 1821 in *FDIC v. Belli,* 981 F.2d 838, 842 (5th Cir.1993), wherein the court simply assumed that both sections applied.

The Fifth Circuit then went on to consider the legislative history behind section 1821. *SMS Financial,* 167 F.3d at 241–242. The court explained that before the enactment of FIRREA, section 2415 governed the limitations period when the FDIC sued on a contract. *Id.* at 2415. Later, a split in the circuits developed concerning when a cause of action accrued under section 2415. *Id.* According to the court, Congress resolved the split by providing in FIRREA that a cause of action accrues either when the FDIC acquires the claim, or when the cause of action accrues under state law, whichever is later.

*SMS Financial,* 167 F.3d at 242. The limited amount of legislative history, the court concluded, indicates that Congress intended to extend the limitations period in section 2415 through section 1821. *Id.* The court, accordingly, held that section 2415's tolling provision should be construed with section 1821's limitations period. *Id.; see also Jackson v. Thweatt,* 883 S.W.2d 171, 177 (Tex.1994) (stating that section 1821(d)(14) "does not create an entirely new limitations scheme, but rather merely clarifies and amends the existing law under 28 U.S.C. § 2415(a).")

■ We conclude that section 2415's acknowledgment provision applies to section 1821. We must, therefore, determine whether National Asset's agreed final judgment can be construed as an acknowledgment, thereby re-tolling the statute.

**c. Did the Agreed Judgment Act to Extend the Limitations Period?**

■ The acknowledgment provision in section 2415 states "[t]hat in the event of later partial payment or written acknowledgment of debt, the *right of action* shall be deemed to accrue again at the time of each such payment or acknowledgment . . ." 28 U.S.C. § 2415(a) (emphasis added). Here, the FDIC exercised its right of action, within the limitations period, when it brought suit on the note against Western USA. It's claims were then reduced to an agreed judgment, and the cause of action was extinguished. National Asset was left simply with the remedies of collecting on the judgment, or judicially or non-judicially foreclosing on the property. Because the right of action no longer existed, it was impossible for its limitations period to accrue again.

■ And, we note that a creditor's deed of trust right to non-judicial foreclosure, which is exercisable without respect to judicial process, is not a cause or right of

action under Texas law. *See FDIC v. Bodin Concrete Co.,* 869 S.W.2d 372, 378 (Tex.App.—Dallas 1993, writ denied). Because it is not a right of action, section 2415's acknowledgment provision, by its plain language, does not apply to non-judicial foreclosure. We find the limitations period expired on January 1, 1995, and that National Asset's December 22, 1997 suit for declaratory judgment and foreclosure is, therefore, time barred.

Because the trial court properly granted summary judgment on statute of limitations grounds, we need not reach the remainder of National Asset's issues. *See State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380 (Tex.1993). We affirm the trial court's judgment.