11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Seymour Beitscher

Appellant

Vs.                   No. 11-02-00284-CV -- Appeal from Taylor County

Angie Marsalis

Appellee

 

Angie Marsalis sued
Seymour Beitshcer for the breach of a brokerage agreement.  Both parties moved for summary
judgment.  The trial court denied
Beitscher=s motion, granted Marsalis=s motion, and awarded damages to Marsalis in the
amount of $108,000.  Beitscher appeals,
contending in his first and third issues that the trial court erred in granting
summary judgment in favor of Marsalis and that the trial court erred in failing
to render a take-nothing summary judgment in favor of Beitscher.  We reverse and render.  

When both sides
move for summary judgment and the trial court grants one motion and denies the
other, the reviewing court should review both sides= summary judgment evidence and determine all questions
presented.  Bradley v. State ex rel.
White, 990 S.W.2d 245, 247 (Tex.1999); Jones v. Strauss, 745 S.W.2d 898, 900
(Tex.1988).  The reviewing court should
render the judgment that the trial court should have rendered.  Bradley v. State ex rel. White, supra; Jones
v. Strauss, supra.  Summary judgment is
proper only when there are no genuine issues of material fact and a party is
entitled to judgment as a matter of law. 
TEX.R.CIV.P. 166a(c); Nixon v. Mr. Property Management Company, Inc.,
690 S.W.2d 546 (Tex.1985); City of Houston v. Clear Creek Basin Authority, 589
S.W.2d 671 (Tex.1979).  








The underlying
facts in this case are undisputed. 
Beitscher enlisted the help of Marsalis, a licensed real estate broker,
in selling the Haystack Apartments.  The
parties entered into two separate written agreements.  The first agreement was the brokerage agreement between Marsalis
and Beitscher, the owner of the Haystack Apartments.  In that agreement, Robert Karrh and Steven Roth were registered
as prospective purchasers, and $4,000,000 was listed as the asking price.  With respect to fees, the brokerage
agreement provides:   

6.  BROKER=S
FEE: Owner is not obligated to pay Broker a fee until such time as Broker=s fee is earned and payable.  Broker=s fees
are earned when Owner enters into a binding agreement to sell or lease all or
part of the Property at any price to Prospect or if Owner breaches this agreement....If owner agrees to sell all or
a part of the Property to Prospect at any price on or before the Expiration
Date, Seller will pay Broker a fee equal to...3% of the gross sales price.  (Emphasis added)

 

Prior to the
expiration date provided for in the brokerage agreement, an agreement was
entered into between Beitscher and the prospective purchasers, which by that
time included Marsalis.  Marsalis explained
in her deposition that she and her husband became partners with Karrh and Roth
after Beitscher stated that he would only accept the offer of $3,600,000 if
Karrh and Roth would Atake care@ of
Marsalis=s commission. 
The agreement was prepared by Beitscher and is entitled AAgreement Prior to Entering a Contract To Deed For the
Purchase of Haystack Apartments.@  It provides as follows:  

These are the
requirements for Seymour Beitscher to accept the offer of $3,600,000 to sell
the Haystack Apartments.  Seymour Beitscher understands that the
Buyer(s) are Bob Karrh, Steve Roth, Denny Marsalis and Angie Marsalis, and/or
their assignees.

  

1.  It is
understood that there are maintenance parts, supply and appliance inventory
items on the property.  It is agreed
that the Buyer(s) and Seller will view this inventory and determine if this
property is to be transferred and if so what the terms of transfer will be....

 

2.  Buyer(s)
will place into an escrow account at Attorney, Charles Erwin the $150,000.00
initial payment.  This contract will be
effective upon the initial payment. 

 

3.  This
agreement will be evidence by Contract to Deed.  There will be no Deed until the expiration of 15 years. 

 

                                                          *     *    
*

 

5.  Buyer(s)
assumes each and every expense involved in this transaction; including the
future expense(s) involved at the time of transferring Title (Deed of Trust). 

 

                                                          *     *    
*








12.  Buyer(s)
agree that Seymour Beitscher shall receive $2500.00 for his trouble and time
involved in this transaction in event that the Buyer(s) elect not to enter into
a Contract to Deed AFTER the due diligence time period.  Seymour Beitscher agrees that the Buyer=s time is of equal value and if Seymour Beitscher
refused to enter into a Contract to Deed after the due diligence period the
Buyer=s shall be due $2500.00 for their time and
trouble.  

 

                                                          *     *    
*

 

18.  This
agreement is binding upon each party, their respective heirs, successors and
assignees.  (Emphasis added)

 

According to Marsalis=s affidavit, the Aearnest
money@ was properly placed in escrow with the attorneys
handling the closing.  However, the day
before closing, the bank that held the mortgage on the property notified
Beitscher that it would not approve the sale without additional collateral
being pledged by Beitscher. 
Consequently, the sale Adid not go
through.@  

When a written
agreement or contract is not ambiguous, its construction is a question of law
for the courts to determine. MCI Telecommunications Corporation v. Texas
Utilities Electric Company, 995 S.W.2d 647, 650 (Tex.1999).  Whether or not a contract is ambiguous is
also a question of law.  National Union
Fire Insurance Company of Pittsburgh, Pennsylvania v. CBI Industries, Inc., 907
S.W.2d 517, 520 (Tex.1995).  A contract
is not ambiguous if it can be given a definite or certain legal meaning.  Coker v. Coker, 650 S.W.2d 391, 393
(Tex.1983).  The agreements at issue in
this case are not ambiguous.  Therefore,
we must construe the agreements as a whole, giving effect to all of the
provisions, and ascertain the true intent of the parties as expressed in the
agreements.  Forbau v. Aetna Life
Insurance Company, 876 S.W.2d 132, 133 (Tex.1994).  

We hold that, as a
matter of law, Marsalis was not entitled to recover a commission under the
brokerage agreement because there was no Abinding
agreement to sell@ the property. 
The second agreement, the one between Beitscher and the prospective
purchasers, was not a binding agreement to sell the property.  The terms of that agreement clearly show
that it was a preliminary agreement and that a binding agreement, or AContract to Deed,@
was to be entered upon closing after the period of due diligence.  Beitscher=s
first and third issues are sustained. 
Consequently, we need not address the second issue urging that fact
issues exist as to Beitscher=s affirmative
defenses.  TEX.R.APP.P. 47.1.  








The judgment of the
trial court is reversed, and we render a take-nothing judgment in favor of
Beitscher.  

 

TERRY McCALL

JUSTICE 

 

March 27, 2003

Panel consists of: 
Arnot, C.J., and

Wright, J., and McCall, J.