NUMBER 13-04-580-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

AARON A. JOINER,                                                  Appellant,

 

                                           v.

 

PACTIV
CORPORATION,                                            Appellee.

 

 

 

                  On appeal from the 357th
District Court

                          of Cameron
County, Texas.

 

 

 

                     MEMORANDUM OPINION[1]

 

              Before Justices Rodriguez,
Castillo, and Garza

                  Memorandum Opinion by Justice Castillo

 








Appellant Aaron A.
Joiner appeals from a summary judgment in favor of appellee Pactiv
Corporation.  By two issues, Joiner
argues that the summary judgment was improper.[2]  We affirm.

I.  BACKGROUND[3]








In a prior lawsuit,
Pactiv sued DRC Distributors and obtained a money judgment for nonpayment of an
account.  At or near the same time, DRC
was delinquent on payments owed to Pactiv on an asset purchase agreement
secured by certain real property.  Pactiv
sued Joiner and DRC Distributors to foreclose on the judgment lien obtained
against DRC and identified certain real property DRC owned.[4]  Pactiv sought 
to foreclose the judgment lien on real property owned by DRC.[5]  To its live pleading, Pactiv attached a copy
of the judgment against DRC, dated September 12, 2002.  On October 25, 2002, Pactiv filed an abstract
of judgment, also attached to the live pleading.  On November 1, 2002, the abstract of judgment
was duly recorded in the Cameron County Clerk real property records.  On December 9, 2002, DRC executed a general
warranty deed conveying the subject real property to Joiner.  On December 20, 2002, DRC's deed to Joiner
was duly recorded in the Cameron County real property records.  On January 28, 2003, Joiner released a deed
of trust dated May 22, 2000, from DRC involving the real property Pactiv sought
to foreclose in satisfaction of its judgment lien. 

Pactiv filed a
traditional motion for summary judgment, asserting as grounds that (1) Pactiv
had a superior lien to the rights of subsequent purchasers or lienholders of
the subject property, (2) DRC could not defeat Pactiv's statutory lien by a
conveyance to Joiner, and (3) Joiner's defense based on section 51.006 of the
Texas Property Code failed as a matter of law. 
Pactiv attached the affidavit of its employee, Wayne Schobel,
authenticating its judgment lien, the abstract of judgment, DRC's general
warranty deed to Joiner, and Joiner's release of lien in which Joiner
"acknowledges payment in full of the Note and releases the Property from
the lien and from all liens" Joiner held as against the subject real
property "without regard to how they are created or evidenced."  








Joiner filed a
summary-judgment response, asserting that he was the holder of the superior
lien to the subject property.  In his
summary-judgment affidavit, Joiner attested: 
(1) DRC's promissory note to Joiner, executed at the time of the asset
purchase agreement on May 22, 2000, was secured by a deed of trust on the real
property Pactiv sought to foreclose in satisfaction of its judgment lien; (2)
in September 2002, DRC defaulted in payments due on the promissory note; (3) on
December 9, 2002, DRC executed a deed in lieu of foreclosure transferring the
subject real property to Joiner; (4) DRC failed to disclose the judgment lien
on the property which was in place before DRC executed the deed to Joiner in
satisfaction of the promissory note; (5) Joiner had no personal knowledge of
the undisclosed lien; and (6) Joiner had commenced foreclosure proceedings
against DRC.[6]  

Without stating the
grounds, the trial court granted Pactiv's summary-judgment motion and ordered
foreclosure of Pactiv's judgment lien on two of the three tracts of land.  This appeal ensued.

                               II.  SUMMARY-JUDGMENT ANALYSIS

                     A.  Summary-Judgment Standards of Review

On appeal, the
standard of review for the grant of a motion for summary judgment is
determined by whether the motion was brought on no-evidence or traditional
grounds.  Tex. R. Civ. P. 166a(i),(c); Ortega v. City Nat'l
Bank,  97 S.W.3d 765, 771 (Tex. App.BCorpus Christi 2003, no pet.) (op. on
reh'g).  The difference in relative burdens between the parties in
the two types of summary-judgment motions is significant.  Tex.
R. Civ. P. 166a(i),(c); Ortega, 97 S.W.3d at 771.  Determination of the nature of the motion for
summary judgment under analysis is critical. 
Ortega, 97 S.W.3d at 771. 
Here, Pactiv brought a traditional motion for summary judgment.  See Tex.
R. Civ. P. 166a(c).  








The function of
summary judgment is to eliminate patently unmeritorious claims and
defenses, not to deprive litigants of the right to a jury trial.  Alaniz v. Hoyt, 105 S.W.3d
330, 344 (Tex. App.BCorpus Christi 2003,
no pet.).  In both traditional and
no-evidence summary-judgment motions, we review the evidence "in the light
most favorable to the nonmovant, disregarding all contrary evidence
and inferences."  See KPMG
Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d 746, 748
(Tex. 1999); Branton v. Wood, 100 S.W.3d 645, 646 (Tex. App.BCorpus Christi 2003,
no pet.).  The movant bears the burden of
showing both no genuine issue of material fact and entitlement to judgment as a
matter of law. Hoyt, 105 S.W.3d at 345.  

When a
summary-judgment order does not specify the grounds on which it is based, we
affirm the trial court's ruling if any of the theories advanced in the motion
are meritorious.  State Farm Fire
& Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993).  The non‑movant has the burden to
respond to a traditional summary‑judgment motion if the movant
conclusively:  (1) establishes each
element of its cause of action or defense; or (2) negates at least one element
of the non‑movant's cause of action or defense.  Hoyt, 105 S.W.3d at
345.  When, as here, the only issue
presented to the trial court was a question of law, we render the judgment the
trial court should have rendered if we reverse. 
Tex. R. App. P. 43.2(c);
Jones v. Strauss, 745 S.W.2d 898, 900 (Tex. 1988).  Our review is de novo.  Ortega, 97 S.W.3d at 771.  We turn to the discussion of the arguments in
place. 

 








B.  Discussion

Because Joiner's two
issues on appeal address his statutory defense, we construe them together.  Joiner conceded below and on appeal that he
released his interest to the subject property under the prior deed of
trust.  He argues in his first and second
issues that proper interpretation and application of section 51.006 of the
property code demonstrates Joiner has a superior lien to the subject
property.  Tex. Prop. Code Ann.
_ 51.006(a) (Vernon Supp. 2004-05).  Pactiv counters that, independent of section
51.006, summary judgment was proper because (1) Joiner voluntarily executed and
released the deed of trust subsequent to Pactiv's perfection of its lien, and
(2) any right Joiner had to foreclose on the subject property terminated upon
the release of the lien.  Pactiv further
argues that Joiner's section 51.006 defense fails because Joiner did not establish
lack of knowledge of an undisclosed lien, and, although section 51.006 allows a
deed in lieu of foreclosure to be voided in limited circumstances, the section
does not provide for an independent right of foreclosure or the revival of a
released deed of trust lien.

1.  Joiner's Statutory Defense under Property
Code Section 51.006  








Section 51.006 applies
to a holder of a debt under a deed of trust who accepts from the debtor a deed
conveying real property subject to the deed of trust in satisfaction of the
debt.  Tex.
Prop. Code Ann. _ 51.006(a).  The holder of a debt may void a deed
conveying real property in satisfaction of the debt before the fourth
anniversary of the date the deed is executed and foreclosed under the original
deed of trust if (1) the debtor fails to disclose to the holder of the debt a
lien or other encumbrance on the property before executing the deed conveying
the property to the holder of the debt in satisfaction of the debt, and (2) the
holder of the debt has no personal knowledge of the undisclosed lien or
encumbrance on the property. Id. _ 51.006(b)(1),
(2).  If the holder elects to void a deed
in lieu of foreclosure, the priority of its deed of trust shall not be affected
or impaired by the execution of the deed in lieu of foreclosure.  Id. _ 51.006(d).  If a holder accepts a deed in lieu of
foreclosure, the holder may foreclose its deed of trust as provided in said
deed of trust without electing to void the deed.  Id. _ 51.006(e).  The priority of such deed of trust shall not
be affected or impaired by the deed in lieu of foreclosure.  Id.

2.  Disposition

Viewed in the light
most favorable to Joiner, the non-movant, his summary-judgment evidence
demonstrates that he denied the requisite "personal knowledge" of
Pactiv's judgment lien at the time he executed the release.  However, an instrument that is properly
recorded in the proper county is: (1) notice to all persons of the existence of
the instrument; and (2) subject to inspection by the public.  Tex.
Prop. Code Ann. _ 13.002(1), (2)
(Vernon 2004).  The parties do not
dispute that Pactiv's judgment lien was properly recorded in the proper
county.  Thus, Joiner had notice of the
judgment lien on the subject property.[7]
 See id.  













As grounds in its
summary-judgment motion, Pactiv asserted that its perfected judgment lien was
superior to any subsequent lien, including any lien Joiner claimed.  As an additional ground, Pactiv asserted that
Joiner's section 51.006 defense failed as a matter of law because Joiner could
not prove he had no personal knowledge of the judgment lien, an essential
element of his statutory defense.  A
trial court's duty at the summary judgment stage is to determine if a material
question of fact exists.  Huckabee v.
Time Warner Entm't Co., 19 S.W.3d 413, 422 (Tex. 2000).  Implicit in the trial court's grant of summary
judgment is its rejection of Joiner's section 51.006 defense based on lack of
personal knowledge and, thus, its rejection of Joiner's contention that his
lien was superior to Pactiv's judgment lien. 
We conclude that Pactiv's summary-judgment evidence negated an essential
element of Joiner's statutory defense.  See
Tex. R. Civ. P. 166a(c); Pech v. Estate of
Tavarez, 112 S.W.3d 282, 285 (Tex. App.BCorpus Christi 2003, no pet).  Thus, the trial court could have properly
granted summary judgment on the theory that Joiner did not prove either absence
of "personal knowledge" or a lien superior to Pactiv's lien.  Because Pactiv's summary-judgment evidence
demonstrated it possessed a superior judgment lien, summary judgment as granted
is proper.  We affirm the trial court's
ruling if any of the theories advanced in the motion are meritorious.  State Farm Fire & Cas. Co., 858 S.W.2d
at 380.  Accordingly, we overrule
Joiner's first and second issues.

III.  CONCLUSION

Having overruled
Joiner's first and second issues, we affirm summary judgment in favor of
Pactiv.

 

ERRLINDA CASTILLO

Justice

 

Memorandum Opinion delivered and filed

this the 11th day of August, 2005.

 











[1] See Tex.
R. App. P. 47.2, 47.4.





[2] Joiner's issues are:

 

1. 
The trial court's interpretation of section 51.006 of the property code
that Joiner released his interest under the prior deed of trust and therefore
could not "revive" that interest was erroneous.

 

2.  The trial court's
interpretation of section 51.006(b)(2) of the property code that the threshold
requirements of "disclosure" and "personal knowledge" are
synonymous with "record notice" was erroneous. 





[3] In a civil case, this Court will
accept as true the facts stated by the appellant unless another party
contradicts them.  See Tex. R. App. P. 38.1(f).





[4] The final judgment incorporates an
interlocutory default judgment against DRC. 
DRC is not a party to this appeal.





[5] Pactiv included the legal
descriptions of three tracts of land in Cameron County.





[6] The trial court granted Pactiv
injunctive relief and stopped the foreclosure sale.





[7] If the statutory language is
unambiguous, we must interpret it according to its terms, giving meaning to the
language consistent with other provisions in the statute.  See McIntyre v. Ramirez, 109 S.W.3d
741, 745 (Tex. 2003); Kroger Co. v. Keng, 23 S.W.3d 347, 349 (Tex.
2000); see also Tex. Gov't Code
Ann. __ 311.021, 311.023, & 312.005
(Vernon 2005).  We also consider the
objective the law seeks to obtain and the consequences of a particular
construction.  Tex. Gov't Code Ann.
' 311.023(1), (5) (Vernon 2005); see
McIntyre, 109 S.W.3d at 745.  If the statutory text is unambiguous, a court
must adopt the interpretation supported by the statute's plain language unless
that interpretation would lead to absurd results.  Tex. Dep't of Protective & Regulatory
Servs. v. Mega Child Care, Inc., 145 S.W.3d 170, 177 (Tex. 2004).  We presume that the Legislature would not do
a useless act.  Webb County Appraisal
Dist. v. New Laredo Hotel, 792 S.W.2d 952, 954 (Tex. 1990).