CHIEF JUSTICE
JAMES T. WORTHEN

JUSTICES
SAM GRIFFITH
DIANE DEVASTO



TWELFTH COURT OF APPEALS

CLERK
CATHY S. LUSK

CHIEF STAFF ATTORNEY
MARGARET HUSSEY

Wednesday, August 31, 2005

Mr. Steven B. Thorpe
Thorpe, Hatcher &
Washington, LLP
2929 Carlisle Street
Suite 250
Dallas, TX 75204

Mr. David W. Clawater
Cruse Scotthenderson& Allen LLP
2777 Allen Parkway
7th Floor
Houston, TX 77019

**RE:** Case Number:     12-04-00314-CV
Trial Court Case Number:  2002-272-A

**Style:** Mitch Alford
v.
Robert W. Cary, M.D.

Enclosed is a copy of the Memorandum Opinion issued this date in the above styled and numbered cause. Also enclosed is a copy of the court's judgment.

Very truly yours,

CATHY S. LUSK, CLERK

By: _Katrina McClenny_
Katrina McClenny, Chief Deputy Clerk

CC:     Hon. David Scott Brabham
Hon. John Ovard
Ms. Barbara Duncan

# NO. 12-04-00314-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MITCH ALFORD,*<br>*APPELLANT* | § | *APPEAL FROM THE 188TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *ROBERT W. CARY, M.D.,*<br>*APPELLEE* | § | *GREGG COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Mitch Alford appeals the granting of a bill of review in favor of Robert W. Cary, M.D. In three issues, Alford contends the trial court erred in granting the bill of review while Cary contends in three cross-issues that it did not. We reverse and remand.

## PROCEDURAL HISTORY

Alford filed a lawsuit against Cary on August 18, 2000. Six days later, a Gregg County deputy sheriff personally served Cary with citation in Alford's lawsuit. Attached to the citation was a copy of Alford's original petition. The citation stated, in part, as follows:

> To:    Dr. Robert Cary
> 805 Medical Circle Drive
> Longview, Texas 75605
>
> Defendant in the hereinafter styled and numbered cause: 2000-1792-A
>
> You are hereby commanded to appear before the 188th District Court of Gregg County, Texas, to be held at the courthouse of said County in the City of Longview, Gregg County, Texas by filing a written answer to the Petition of Plaintiff at or before 10:00 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof, a copy of which accompanies this Citation, . . .

The citation further included the following notice:

**NOTICE TO DEFENDANT**

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issues this Citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this Citation and Petition, a default Judgment may be taken against you.

Cary did not answer or appear. On January 8, 2001, the trial court signed a default judgment on liability only against Cary. On February 5, 2001, the trial court signed an order of final judgment against Cary awarding Alford $1,951,188.00 in damages. On January 31, 2002, Cary filed an original petition for a bill of review asking the trial court to vacate the default and final judgments rendered against him. He attached the following affidavit to his petition for bill of review:

**AFFIDAVIT OF ROBERT W. CARY, M.D.**

STATE OF TEXAS §
§
COUNTY OF GREGG § KNOWN ALL MEN BY THESE PRESENTS:

Before me, the undersigned notary, on this day, personally appeared Robert W. Cary, M.D., a person whose identity is known to me. After I administered an oath to him, upon his oath, he stated as follows:

1. My name is Robert W. Cary. I am over the age of eighteen years and am fully qualified to make this affidavit and have personal knowledge of the facts recited herein.

2. I have been served with citation in lawsuits in which I have been sued on other occasions. On each of those occasions, I followed the established office procedure at Diagnostic Clinic. That procedure involves providing the citation to the business manager of Diagnostic Clinic who, in return, forwards the citation to the appropriate insurance carrier. In each of the prior occasions, I followed this procedure and my insurance carrier provided me a defense, hiring a lawyer for me. On no occasion have I deliberately disregarded a citation or lawsuit, nor have I ever been consciously indifferent as to whether an answer was filed and my interests were protected. Whenever I have understood that I was being sued, I have always taken the necessary steps and measures to defend myself.

3. I do not recall being served with citation or the Plaintiff's Petition in Cause No. 2000-1977-A styled *Mitch Alford v. Dr. Robert Cary* in the 188th District Court of Gregg County, Texas. If I had realized I had been sued, I would have followed procedure outlined above. I had medical malpractice insurance in place and my carrier would have provided me a defense and hired a lawyer to represent me as they had in the past. I had no reason to intentionally not defend myself or be indifferent regarding filing an answer. I have every reason to believe that I would be successful if I were able to defend myself in this matter and I am certainly not indifferent about it, nor would I have been in August of 2000, had I realized at that time that I had been sued. I have never deliberately disregarded or been indifferent about defending myself when a lawsuit has been brought against me. I believe Mr. Alford's lawsuit is

2

frivolous and unfounded, so I had everything to gain and nothing to lose by filing an answer and defending myself. My failure to file an answer was a result of a mistake, not an intentional act or conscious indifference.

FURTHER AFFIANT SAYETH NOT.

/S/
ROBERT W. CARY, M.D.
(Jurat omitted)

On June 3, 2002, Cary filed a motion for summary judgment on his petition for bill of review. On August 23, 2002, the trial court signed an order granting Cary's summary judgment motion, setting aside the prior default and final judgments in favor of Alford, and granting a new trial on the merits. Two years later, on August 30, 2004, the trial court entered a take-nothing judgment in favor of Cary and against Alford. Alford timely filed a notice of appeal of the summary judgment granting Cary's bill of review and setting aside Alford's default and final judgments against Cary.[1]

## ISSUES

In three issues, Alford attacks the summary judgment. In his first issue, he contends that the trial court erred in granting summary judgment on the bill of review because Cary failed to satisfy the required elements established by the Texas Supreme Court in *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996 (1950). In his second issue, he contends that the trial court erred because Cary failed to satisfy the relaxed requirements for setting aside a final judgment established by the Texas Supreme Court in *Hanks v. Rosser*, 378 S.W.2d 31 (Tex. 1964). In his third issue, Alford contends that the trial court erred because granting the bill of review was contrary to Rule 239a of the Texas Rules of Civil Procedure.

In the first of three cross-issues, Cary contends the bill of review was proper because Alford did not present evidence to support the damages awarded in the final judgment of February 5, 2001. In his second cross-issue, Cary contends he was not afforded due process. In his third cross-issue, Cary contends that if the trial court's ruling on the bill of review is reversed, we should remand the case for a trial on the merits.

---

[1] There is no dispute between the parties that the order granting Cary's bill of review and setting aside Alford's default and final judgments was interlocutory and could not be appealed until the take-nothing judgment was entered in Cary's favor on August 30, 2004.

3

## STANDARD OF REVIEW

The trial court granted Cary's bill of review on a traditional motion for summary judgment. In reviewing a trial court's granting of summary judgment, we apply the following standards: 1) the movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law; 2) in deciding whether a disputed material fact issue exists, we accept as true the evidence favorable to the nonmovant; and 3) we indulge every reasonable inference in favor of the nonmovant and resolve any doubts in his favor. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). For a party to prevail on a motion for summary judgment, he must conclusively establish the absence of any genuine question of material fact and his entitlement to judgment as a matter of law. TEX. R. CIV. P. 166a(c). Once the movant has established a right to summary judgment, the nonmovant has the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *See e.g., City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678-79 (Tex.1979). All theories in support of or in opposition to a motion for summary judgment must be presented in writing to the trial court. *See* TEX. R. CIV. P. 166a(c). We will reverse the summary judgment and remand the cause for a trial on the merits if the summary judgment was improperly granted. *See Gibbs v. Gen. Motors Corp.*, 450 S.W.2d 827, 828-29 (Tex. 1970).

## BILL OF REVIEW

Alford's first two issues relate to the proper standard for determining whether Cary was entitled to summary judgment on his petition for bill of review. We will address those issues together.

### Applicable Law

Although the bill of review is an equitable proceeding, before a litigant can successfully invoke it to set aside a final judgment, he must allege and prove 1) a meritorious defense to the cause of action alleged to support the judgment, 2) which he was prevented from making by the fraud, accident, or wrongful act of the opposite party, 3) unmixed with any fault or negligence of his own. *Alexander*, 148 Tex. at 568-69, 226 S.W.2d at 998. Alford contends that these are the elements which Cary must establish before he was entitled to a summary judgment granting the bill of review.

4

However, Alford concedes that the Texas Supreme Court later relaxed these standards. *See Hanks*, 378 S.W.2d at 34-35. In *Hanks*, our supreme court held that

> assuming that the failure to file an answer is not intentional or the result of conscious indifference, . . .if a litigant is misled or prevented from filing a motion for new trial by misinformation of an officer of the court acting within his official duties, and this misinformation is given to the party or his counsel within the ten-day period for filing the motion for new trial so as to bring about the failure to file a motion for new trial in time, the trial court, upon finding that the party has a meritorious defense and that no injury will result to the opposite party, may grant the bill of review.

*Id.* at 35. Cary contends that the failure of the district clerk to serve him with the default and final judgments was misinformation. *See Petro-Chemical Transport, Inc. v. Carroll*, 514 S.W.2d 240, 245 (Tex. 1994). Therefore, Cary argues, the *Hanks* standard should be applied here because of the district clerk's failure to give him notice of the default and final judgments. We agree.

The Amarillo Court of Appeals, in an exhaustive analysis of the supreme court cases regarding the bill of review, determined that the *Hanks v. Rosser* opinion effectively put the bill of review plaintiff (such as Cary) in the same position he would have been in had he received correct information from the court clerk and filed a timely motion for new trial. *McDaniel v. Hale*, 893 S.W.2d 652, 660 (Tex. App.–Amarillo 1994, writ denied). Therefore, in examining whether there was any fault or negligence on the part of the bill of review plaintiff, fault or negligence should be measured by the standard for negligence of the non-answering defendant in a motion for new trial situation rather than the standard of negligence for a complainant in a typical bill of review proceeding. *Id.*

The rule is well established in Texas that a default judgment should be set aside and a new trial ordered in any case in which 1) the failure of the defendant to answer before judgment was not intentional or the result of conscious indifference on his part, but was due to a mistake or an accident; 2) provided the motion for a new trial sets up a meritorious defense and 3) is filed at a time when the granting thereof will occasion no delay or otherwise work an injury to the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 134 Tex. 388, 393, 133 S.W.2d 124, 126 (1939). To be entitled to summary judgment, Cary was required to establish each of these elements as a matter of law.

## Conscious Indifference

In determining whether a party acted intentionally or with conscious indifference, we look

to the party's knowledge and acts. *Continental Cas. Co. v. Davilla*, 139 S.W.3d 374, 382 (Tex. App.–Fort Worth 2004, pet. denied). The defaulting party satisfies its burden if the factual assertions in the defaulting party's supporting affidavits are not controverted and if the affidavits set forth facts that, if true, negate intent or conscious indifference. *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 269 (Tex. 1994). However, conclusory allegations are insufficient *Holt Atherton Indus. v. Heine*, 835 S.W.2d 80, 82 (Tex. 1992). Where the petitioner's allegations are legally insufficient, relief by bill of review is inappropriate. *Brooks v. Associates Financial Servs. Corp.*, 892 S.W.2d 91, 93 (Tex. App.–Houston [14th Dist.] 1994, no pet.). Conscious indifference can be defined as "the failure to take some action which would have been indicated to a person of reasonable sensibilities under the same or similar circumstances." *Freeman v. Pevehouse*, 79 S.W.3d 637, 647-48 (Tex. App.–Waco 2002, no pet.) (citations omitted). Conscious indifference requires more than negligence; some excuse, but not necessarily a good excuse, is enough to show a lack of intentional conduct or conscious indifference. *Perry v. Stanley*, 83 S.W.3d 819, 827 (Tex. App.–Texarkana 2002, no pet.).

**Application of Law to Facts**

As summary judgment evidence that he was not consciously indifferent, Cary provided his affidavit addressing his failure to answer Cary's lawsuit. We first note that Cary does not deny being served with citation. The record before us shows that a Gregg County sheriff's deputy personally served Cary with citation at 9:30 a. m. on August 24, 2000 at 805 Medical Circle Drive, Longview, Texas, which is Cary's office address. The deputy sheriff's return of citation is prima facie evidence that Cary was served. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994). Further, Cary acknowledges that he has been served with citation in other lawsuits and describes the procedure he followed then. He also states what he would have done if he had realized he had been served with citation in a lawsuit. However, Cary does not describe any action he took after he was served with citation nor does he describe his mental state at the time he was served or thereafter. He merely states, "I do not recall being served."

"Recall" can mean "to remember." THE AMERICAN HERITAGE COLLEGE DICTIONARY 1139 (3d ed. 2002). "To remember" can be defined as "to retain in the memory" or "to recall to the mind with effort." *Id.* at 1152. Cary does not show making any effort or expending any energy to retain

6

knowledge of the lawsuit when served with this citation. Our state's court system is designed to handle conflicts between citizens of Texas. When a citizen is hailed into court, as Cary was, that is a serious matter and not to be responded to with forgetfulness or indifference. Nonetheless, Cary has furnished no summary judgment evidence that establishes any other response. Because he failed to negate conscious indifference as the reason for his failure to answer Alford's lawsuit, Cary also failed to establish that he was entitled to summary judgment as a matter of law. Therefore, we hold that the trial court improperly granted Cary's summary judgment motion. Alford's issues one and two are sustained. Because we have sustained Alford's first two issues, we need not address his third issue.

## CARY'S CROSS-ISSUES

In Cary's third cross-issue, he contends that we should remand this case to the trial court if we sustain Alford's issues and reverse the summary judgment. We agree. When a trial court grants a summary judgment, the losing party appeals, and an appellate court finds reversible error in the judgment, the appellate court's normal action is to reverse the trial court's judgment and remand the cause to the trial court. *Jones v. Strauss*, 745 S.W.2d 898, 900 (Tex. 1988). An exception may occur when both parties move for summary judgment and one such motion was granted while the other denied. *Id.* In the case before us, Alford did not move for a summary judgment in the bill of review proceeding. When an appellate court determines that the grounds for a summary judgment are insufficient as a matter of law, judgment cannot be rendered for the appealing party but can only be remanded to the trial court for further proceedings. Cary's third cross-issue is sustained.

In his first cross-issue, Cary contends that, at a minimum, the trial court correctly granted a new trial because the evidence did not support the damage award to Alford. In his second cross-issue, Cary argues that he was denied due process because he received no notice of the hearing on damages. Because he was entitled to notice of the hearing, his argument continues, the judgment is "plainly infirm" and should be set aside. Cary's cross-issues are in effect challenges to the default and final judgments against Cary. However, the issue in the instant case is whether the trial court properly granted summary judgment on Cary's petition for bill of review. Issues relating to the merits of the underlying judgments are not properly before us. Therefore, we decline to address Cary's remaining cross-issues.

## DISPOSITION

Having sustained Alford's first two issues and Cary's third cross-issue, the summary judgment granting Cary's bill of review is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered August 31, 2005.
*Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.*

(PUBLISH)



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### AUGUST 31, 2005

### NO. 12-04-00314-CV

**MITCH ALFORD,**

Appellant

V.

**ROBERT W. CARY, M.D.,**

Appellee

---

Appeal from the 188th Judicial District Court
of Gregg County, Texas. (Tr.Ct.No. 2002-272-A)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being inspected, it is the opinion of the Court that the **SUMMARY JUDGMENT OF THE TRIAL COURT GRANTING ROBERT W. CARY, M.D.'S BILL OF REVIEW** should be **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

It is therefore ORDERED, ADJUDGED and DECREED that the **SUMMARY JUDGMENT OF THE TRIAL COURT GRANTING ROBERT W. CARY, M.D.'S BILL OF REVIEW** is **REVERSED** and the cause **REMANDED** for further proceedings in accordance with the opinion of this Court; and that all costs of this appeal be, and the same are, adjudged against the Appellee, **ROBERT W. CARY, M.D.**, for which let execution issue; and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.*